**In re Larry E. RYERSON, Debtor.**

**Albert M. RAU, Trustee, Appellant,**

v.

**Larry E. RYERSON, Appellee.**

**BAP No. AZ–82–1264HEAs.**
**Bankruptcy No. B–81–0292 PXH HMC.**

United States Bankruptcy Appellate Panels for the Ninth Circuit.

Argued Jan. 12, 1983.

Decided June 8, 1983.

Jon N. Vogel, Scottsdale, Ariz., for appellant.

Rodney Matheson, Mesa, Ariz., for appellee.

Before HUGHES, ELLIOTT and ASHLAND, Bankruptcy Judges.

HUGHES, Bankruptcy Judge:

The trustee in bankruptcy appeals from a declaratory judgment excluding from the bankruptcy estate money that became due to the debtor when his position was terminated nine months after bankruptcy. We reverse and remand.

## I

In 1977, Mr. Ryerson, the debtor, was appointed District Manager for Farmers Insurance Company of Arizona. The District Manager's Appointment Agreement provided for termination payment, the amount being determined by a schedule based on years of service and commissions earned.

Appellee filed a Chapter 7 bankruptcy in February 1981 and terminated his position with Farmers on November 1, 1981. He then sought a declaratory judgment that his termination payment of $18,588 was not property of the bankruptcy estate. 11 U.S.C. § 541(a). The court ruled in favor of debtor, and the trustee appealed. The money is being held by Farmers pending a final order of the court.

## II

Section 541(a)(1) of the Bankruptcy Code provides that "[the] estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." The legislative history of § 541 stresses the broad scope of property of the estate under the Code. H.Rep. No. 95–595, 95th Cong., 1st Sess. 367–8; S.Rep. No. 95–989, 95th Cong., 2d Sess. 82–3, U.S. Code Cong. & Admin.News 1978, p. 5787.

The debtor argues that, because he could make no claim under the agreement until it was terminated some eight months after bankruptcy commenced, his interest at the time of filing was contingent on subsequent events and therefore did not become property of the estate.

This was the argument of the debtor in *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), where a potential claim for a loss carryback tax refund that was contingent on events subsequent to filing of the bankruptcy, was held to be property of the estate. The Supreme Court noted that ". . . postponed enjoyment does not disqualify an interest as 'property'." 382 U.S. at 380, 86 S.Ct. at 515. *Segal* cited with approval *Horton v. Moore,* 110 F.2d 189 (6th Cir.1940) where a contingent, postponed interest in a trust which might never vest in the debtor was held to be property of the estate.

However, the Supreme Court did not hold that all contingent interests are property of the estate, saying that

limitations on the term do grow out of other purposes of the Act; one purpose which is highly prominent and is relevant

in this case is to leave the bankrupt free after the date of his petition to accumulate new wealth in the future. Accordingly, future wages of the bankrupt do not constitute "property" [of the estate] at the time of bankruptcy . . .

*Segal v. Rochelle,* supra, 382 U.S. at 379, 86 S.Ct. at 515.

The test applied by the Court was whether the contingent property interest was "sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered fresh start that it should be regarded as 'property' under § 70a(5)."

The same test was applied in *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970), to vacation pay that was not payable until after bankruptcy but with contrary results. *Id.,* at p. 20, 91 S.Ct. at p. 114. See also, *Kokoszka v. Belford,* 417 U.S. 642, 648, 94 S.Ct. 2431, 2435, 41 L.Ed.2d 374 (1974).

■ We believe that the debtor's termination payment—based as it is on commissions earned before bankruptcy—is sufficiently rooted in the pre-bankruptcy past and so little entangled in the debtor's ability to make a fresh start that it should not be excluded from property of the estate. Although the termination is wage (commission) based, it is not "designed to function as a wage substitute at some *future* period" as was true of the vacation pay in *Lines v. Frederick,* supra. *Kokoszka v. Belford,* supra, 417 U.S. at 648, 94 S.Ct. at 2435.

■ We therefore conclude that the fact that appellee's interest in the termination payment, on the date his petition was filed, was contingent on a future event does not affect its classification as property of the estate under section 541.

### III

■ Only the debtor's interest at the time of bankruptcy is property of the estate, however. Any interest that is attributable to his post-filing service is excluded.

In *Segal,* the Supreme Court recognized that losses by the debtor after filing but before the year's end might affect the refund and indicated that in such a case a proration of the refund might be proper. 382 U.S. at 380, n. 5, 86 S.Ct. at 515, n. 5. This suggestion was followed in *In re Rash,* 22 B.R. 323, 325–26 (Bkrtcy.D.Kan.1982); *In re Koch,* 14 B.R. 64, 66 (Bkrtcy.D.Kan.1981); *In re DeVoe,* 5 B.R. 618, 620 (Bkrtcy.S.D.Ohio, 1980). In all of these cases that part of the refund attributed to earnings and taxes withheld after the petition was filed was excluded from property of the estate.

### IV

■ The Agreement contains an anti-competition clause that restricts debtor from conducting similar insurance business for three years after termination within a defined area. For this reason, debtor argues that the termination payment should be construed as payment for future services. However, the payment is not conditioned upon compliance with the anti-competition clause.

■ We conclude that the bankruptcy court erred in holding that the entire termination payment was not property of the estate. We reverse and remand to determine the portion of the $18,588 that is property of the estate.