CANBY, Circuit Judge:
Ryerson appeals from a decision of by the Bankruptcy Appellate Panel, 30 B.R. 541. The panel determined that money to which Ryerson became entitled upon the termination of his employment, some eight months following the filing of his petition in bankruptcy, should be included with the bankruptcy estate.
On January 12, 1977, Ryerson entered into an Appointment Agreement with the Farmers Insurance Company of Arizona appointing him to the position of District Manager for District 25. The Agreement provided that in the event of cancellation or other termination of the appointment “the Companies may at their option elect to- pay ‘contract value,’ as hereinafter defined, to the District Manager.” “Contract value” was defined as the service commission overwrite paid to the District Manager during the six months immediately preceding termination times a factor determined by the number of years of service as District Manager. Nothing was payable until the District Manager had served one full year. The Agreement further provided that as a condition precedent to the District Manager’s right to receive “contract value” he must be in good standing with the Companies on the date of - his termination and that he not have been guilty of certain specified forms of misconduct. Termination occurred upon the death of the District Manager, and the contract could be cancelled by either party without cause upon 30 days written notice.
Ryerson filed a chapter 7 bankruptcy proceeding on February 10, 1981. His appointment as District Manager for the Farmers Insurance Group terminated on November 1, 1981. The “contract value” on the date of termination was determined to be $18,588, which has not yet been paid to the debtor. Ryerson sought a declarato *1425 ry judgment from the bankruptcy court declaring that this sum was not property of the bankruptcy estate.
The old Bankruptcy Act provided that all “rights of action arising upon contracts” passed to the trustee in bankruptcy. 11 U.S.C. § 110(a)(6) (repealed). The current Bankruptcy Code defines the bankrupt estate as consisting of “all legal or equitable interests of the debtor in property as of the commencement of the case.” 11 U.S.C. § 541(a)(1). Among the debtor’s legal interests that become a part of the bankruptcy estate under the Code are his choses in action and claims against third parties as of the commencement of the case. S.Rep. No. 989, 95th Cong., 2d Sess. 82, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5868. These choses in action and claims clearly include rights of action based upon contract. See, e.g., Guarles House Apartments v. Plunkett (In re Plunkett), 23 B.R. 392 (Bankr.E.D.Wis.1982); Varisco v. Oroweat (In re Varisco), 16 B.R. 634 (Bankr.M.D.Fla.1981).
Under the Appointment Agreement, the contract has value upon termination or cancellation after the District Manager completes one year of service in that position. At the time this case was commenced, Ryerson had served four full years as District Manager. He therefore had accumulated value to which he was entitled upon termination or cancellation of his Appointment Agreement. The debtor nevertheless argues that at the time of the filing of the bankruptcy petition his appointment had not yet been terminated or cancelled and that therefore he had no claim to the “contract value.” He asserts that an unvested, contingent interest is not includable within the bankruptcy estate if it cannot be transferred by the debtor or levied upon or otherwise reached by the debtor’s creditors. Under the Act, a contingent interest in personal property passed to the trustee only if it was capable of being assigned or was subject to execution, seizure, or sequestration. 4A Collier on Bankruptcy ¶ 70.37 at 453 (14th ed. 1978). However, the requirement that the debtor must be able to transfer the interest or that his creditors by some means must be able to reach it has been eliminated under the Code. 4 id. 11 541.08[1] (15th ed. 1984). By including all legal interests without exception, Congress indicated its intention to include all legally recognizable interests although they may be contingent and not subject to possession until some future time. H.R.Rep. No. 595, 95th Cong., 1st Sess. 175-76 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6136. We therefore conclude that Ryerson’s interest in the “contract value,” albeit contingent at the time of filing and not payable until such time as his appointment is terminated or cancelled, is includable within the bankruptcy estate pursuant to section 541(a)(1).[1]
Having concluded that Ryerson’s right to “contract value” is property of the bankruptcy estate, we have no difficulty concluding that any payments paid upon termination of Ryerson’s appointment are also property of the bankruptcy estate although paid after commencement of the case, at least to the extent the payments are related to prebankruptcy services. Section 541(a)(6) of the Code includes in the bankruptcy estate after-acquired property consisting of “[pjroceeds, product, offspring, *1426 rents, and profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.” 11 U.S.C. § 541(a)(6). It follows therefore that earnings from services performed prior to bankruptcy are includable within the bankruptcy estate. Under the Act, the test was whether the after-acquired property was “sufficiently rooted in the prebankruptcy past and so little entangled in the debtor’s ability to make a fresh start that it should not be excluded from property of the estate.” Segal v. Rochelle, 382 U.S. 375, 380, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966). The Code follows Se-gal insofar as it includes after-acquired property “sufficiently rooted in the prebankruptcy past” but eliminates the requirement that it not be entangled with the debtor's ability to make a fresh start. See S.Rep. No. 989, supra at 82, reprinted in 1978 U.S.Code Cong. & Ad.News 5868. We think that the termination payments representing value for years of service completed prior to bankruptcy, and not being an arbitrary amount arising after bankruptcy, are “sufficiently rooted in the prebankruptcy past” as to be included within the bankruptcy estate. See In re Durham, 272 F.Supp. 205, 209 (S.D.Ill.1967).
Our ruling does not necessarily mean that all of the $18,588 is property of the bankruptcy estate. The Bankruptcy Appellate Panel determined that only the debt- or’s interest at the time of bankruptcy is property of the estate; any interest attributable to post-filing services was expressly excluded from the estate. We agree. Section 541(a)(6) excludes from the estate “earnings from services performed by an individual debtor after the commencement of the case.” Thus any portion of the $18,588 related to services performed after February 10, 1981 are not includable within the bankruptcy estate.
The judgment of the Bankruptcy Appellate Panel is therefore AFFIRMED.

. The debtor makes much of the fact that "contract value” is payable only at the option of the Company. Even if the payment of the "contract value” were truly optional, the fact that the contingency may not occur would not render the debtor’s interest unenforceable at common law. It is the nature of a contingent interest that it may never take effect in possession because of the failure of the specified event to occur. 2 Powell on Real Property ¶ 274 (1950). However, Ryerson’s right to the "contract value” is not truly contingent. First, the termination or cancellation of the appointment is an event certain to occur. Therefore, Ryerson’s right to the "contract value” is not made contingent by the fact that the appointment had not yet terminated at the time of bankruptcy filing. Second, the fact that the Company may elect not to pay the “contract value” does not necessarily have the effect of denying him the right to collect it: the Appointment Agreement permits Ryerson to recover the "contract value” from his successor in the event that the Company elects not to pay it. We therefore attach no significance to the fact that payment of the "contract value” is stated to be at the option of the Company.