**In re James PHILLIPS, Jr., Bobbie Jo Phillips, Debtors.**

**Bankruptcy No. 81–02849.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 23, 1984.

**530**

James Phillips, Jr., pro se.

Bobbie Jo Phillips, pro se.

John J. Hunter, Toledo, Ohio, trustee.

Ronald R. Henderson, Toledo, Ohio, for debtors.

## OPINION AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on to be heard upon the trustee's objection to the claim of the Debtor, James Phillips, Jr., to certain severance pay provided by his employer and upon the debtor's memorandum in opposition thereto.

Debtor contends that his severance pay, in the gross amount of $7,776.00 at the time the petition was filed, is exempt under O.R.C. § 2329.66(A)(12)(d) which covers compensation for loss of future earnings, or alternately, the debtor argues the money is exempt pursuant to O.R.C. § 2329.66(A)(10)(b) which deals with payments that are similar to future earnings i.e. pensions, annuities, or similar plans. Payments under both exemptions are limited to the extent they are reasonably necessary for support of the debtor and his dependents.

The court finds that O.R.C. § 2329.66(A)(10)(b) is the applicable statute for exempting severance pay. The court further determines that all payments received by the debtor and those held by the trustee were reasonably necessary for the support of the debtor and his dependents. Therefore considering the pleadings and evidence adduced at trial, the court finds in favor of the debtor and overrules trustee's objections to the exemption.

## FACTS

The debtors, James Phillips, Jr. and Bobbie Jo Phillips filed their Chapter 7 petition on December 30, 1981. By an amendment filed March 17, 1982 the debtors claimed an exemption pursuant to § 2329.66(A)(12)(d) of the Ohio Revised Code (hereinafter referred to as O.R.C.) to future severance pay from Owens Illinois, the former employer of James Phillips. At the pretrial held on June 10, 1982, the parties agreed that the debtors would also be allowed to claim the funds as exempt under O.R.C. § 2329.66(A)(10)(b).

The gross amount of severance pay due the debtor at the time of his retirement was $10,466.00. The sum due under the provisions of an employee benefit plan, was determined by a formula based on rate of pay and length of service. The debtor began receiving the severance payments of $629.17 (net) twice monthly, in the middle of November 1981. The trustee took possession of the payments in March 1982.

Trustee now seeks to recover the payments received by the debtor after the petition was filed and to keep the money he has already received. Trustee's grounds for objection to the claimed exemptions are twofold. First he claims (without any supporting authority) that instead of being akin to future earnings, severance pay is "compensation for the tortious conduct of the employer discharging the employee without cause." Secondly, the trustee urges the debtor be denied any exemptions because his understanding of the law is that to be exempt all employer payments must be inextricably linked to "an impairment of his ability to earn" to qualify as an exemption.

The debtor roots his claims for exemption of severance pay alternately in either O.R.C. § 2329.66(A)(10)(b) or § 2329.66(A)(12)(d). To determine which section if any applied and to discover what amount was reasonably necessary for the debtor to

support himself and his dependents a trial was held on September 30, 1982.

## DISCUSSION

The severance pay, which is the only property at issue in this case, is part of the estate by virtue of § 541 of the Bankruptcy Code. *In re Ryerson*, 30 B.R. 541, 10 BCD 894, 8 CBC 2d 1152 (Bankr. 9th Cir.1983). § 541 provides that all property in which a debtor has a legal or equitable interest at the time of bankruptcy comes into the estate, 11 U.S.C. § 541(a)(1). Any property exempted by § 522 first enters the estate but then is later exempted pursuant to the section's provisions.

The debtor has chosen to claim that his severance pay is exempt to the extent that it is reasonably necessary for support under either O.R.C. § 2329.66(A)(10)(b) or (12)(d). These particular divisions closely parallel the federal Bankruptcy Code §§ 522(d)(10)(E) and (11)(E). Since there is neither Ohio case law nor Ohio legislative history concerning this question, the court will examine the intent of congress when enacting this legislation to discern what the state legislature's purpose was in adopting almost identical language.

█ First the court considers the applicability of O.R.C. § 2329.66(A)(12)(d) which provides

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:

(12) The person's right to receive, or moneys received during the preceding twelve calendar months from any of the following:

(d) A payment in compensation for loss of future earnings of the person or an individual of whom the person is or was a dependent, to the extent reasonably necessary for the support of the debtor and any of his dependents.

The Ohio statute has adopted the exact language of § 522(d)(11)(E), therefore the court believes it is appropriate to look at the legislative history of that provision.

The House Report states that:

Paragraph (11) allows the debtor to exempt certain compensation for losses. These include crime victim's reparation benefits, wrongful death benefits (with a reasonably necessary for support limitation), life insurance proceeds (same limitation), compensation for bodily injury, not including pain and suffering ($10,000 limitation), and loss of future earnings payments (support limitation). This provision in subparagraph (D)(11) is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings. Those items are handled separately by the bill. H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), *reprinted in* 1978 U.S. Code Cong. & Ad. News, 5787, 6318.

Compensation for loss of future earnings implies a payment based on an accident or some type of mishap that impairs the ability of the recipient to earn wages which is not the case at bar. Consequently, the court finds that O.R.C. § 2329.66(A)(12)(d) does not apply to the severance pay in this matter which was awarded simply because the employee was discharged through no fault of his own.

█ Now the court examines the debtor's claim that his severance pay is exempted under O.R.C. § 2329.66(A)(10)(b) which provides

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment attachment, or sale to satisfy a judgment or order, as follows:

(b) The person's right to receive a payment under any pension, annuity, or similar plan or contract, not including a payment from a stock bonus or profit sharing plan or a payment included in division (A)(6)(b) or (A)(10)(a) of this section, on account of illness, disability, death, age,

or length of service, to the extent reasonably necessary for the support of the person and any of his dependents, except if all the following apply:

(i) The plan or contract was established by or under the auspices of an insider that employed the person at the time his rights under the plan or contract arose;

(ii) The payment is on account of age or length of service;

(iii) The plan or contract is not qualified under the Internal Revenue Code of 1954, 68A Stat. 3, 26 U.S.C. 1, as amended.

As in the previously examined section the pertinent language of the O.R.C. is virtually identical to Code § 522(d)(10)(E) and so the court again looks to the legislative history for guidance as to the intent of the drafters of this section. The House Report states that:

Paragraph (10) exempts certain benefits that are akin to future earnings of the debtor. These include social security, unemployment compensation, or public assistance benefits, veteran's benefits, disability, illness, or unemployment benefits, alimony, support, or separate maintenance (but only to the extent reasonably necessary for the support of the debtor and any dependents of the debtor), and benefits under a certain stock bonus, pension, profitsharing, annuity, or similar plan based on illness, disability, death, age or length of service. H.R. Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News, 5787, 6318.

At first glance the difference between future earnings and compensation for losses may appear nebulous. However, the court finds that severance pay is a "similar plan" based on length of service that is entitled to exemption under § 2329.-66(A)(10)(b) because severance pay like most of the benefits listed is a gratuitous payment by the employer to the employee that is intended to provide income similar to current earnings. This is evident in the present matter because the payments are calculated with a formula that uses a percentage of salary and years of service.

The only case dealing specifically with severance pay under the Code was concerned solely with the issue of whether it should be included as property of the estate. *Ryerson, supra.* The case of *Driscoll v. Exxon Corporation*, 366 F.Supp. 992 (S.D.N.Y.1973) decided that severance pay constituted wages within the meaning of the Internal Revenue Code. There the court noted that like wages the severance pay was subject to withholding tax. In this case the debtor's severance pay did have withholding tax deducted from it, thereby adding additional weight to the contention that it was intended to be akin to future earnings.

The severance pay plan shares characteristics of similar plans that have been found to be exempt under § 522. The most common and perhaps the most important factor considered by the courts is the amount of control the debtor had over the funds. Control is important because both the courts and the Congress do not want to create a vehicle for debtors to hide assets from creditors which are not reasonably necessary for their support. *In the Matter of Johnson*, 724 F.2d 1138, 11 BCD 950, 951, BLD 69789 (5th Cir.1984) and *In re Clark*, 8 BCD 1207, 1211, 18 B.R. 824 (Bankr.E.D.Tenn.1982). Here unlike Clark and Johnson the employer not the employee, according to a definite formula, made contributions to the fund.

Also unlike other plans found to be non exempt, the funds were not subject to withdrawal at will. The Owens Illinois Employee Benefit Book clearly states that severance pay is available only "if you should lose your job through no fault of your own."

Pensions and other similar plans which are akin to future earnings provide for periodic payment of benefits in the same manner wages are disbursed. The debtor's severance pay was not available in a lump sum but was paid twice monthly and had witholding taxes deducted in the same manner as wages. *See In re Talbert*, 15 B.R.

536, 8 BCD 768 (Bankr.W.D.La.1981) (considering periodic payment as factor in determining whether payment plan is a pension).

In addition to the judicial decisions holding that someone other than the debtor must control the source of contributions and set restrictions on withdrawal, Ohio has a statutory restriction on future wage payment plans. The O.R.C. states that profit sharing plans will not be exempt. The court *In the Matter of Kelley*, 31 BR 786 (Bankr.N.D.Ohio 1983) distinguished pension or wage like programs from profit sharing plans by stating that to avoid being classified as profit sharing the plan's contributions should not be discretionary and should have a defined benefit, both of which are present here. In light of the similarities to exempt plans and the compliance with the prohibition on profit sharing plans the Court finds that the severance pay is exempt under O.R.C. § 2329.-66(A)(10)(b) to the extent reasonably necessary for the support of the debtor and his dependents.

Under O.R.C. § 2329.66(A)(10)(b) a debtor who elects the state exemption may receive payments to the extent reasonably necessary unless the plan contains three disqualifying characteristics specified in divisions i, ii, and iii which are not present in this case.

It is important to note that whether the court found that severance pay was exempt as compensation for losses or akin to future earnings, the amount exempted is subject to the same reasonably necessary test under both sections.

The remaining issue is whether the payments are reasonably necessary for the support of the debtor and any of his dependents as required by O.R.C. § 2329.-66(A)(10)(b). The Ohio statute does not provide a definition of reasonably necessary, therefore, the court looks to the legislative history and the case law to establish a standard.

The U.S. Ct. of Appeals in *In the Matter of Kochell*, 732 F.2d 564 (7th Cir.1984) provided the following summary of the history of the meaning of reasonably necessary:

> The legislative history indicates that the federal exemptions are derived in large part from the Uniform Exemptions Act, promulgated by the Commissioners of Uniform State Laws in 1976. H.R. Rep. No. 595, 95th Cong. 1st Sess. 361, *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 6371. Section 6 of the Uniform Exemptions Act defined the phrase 'property of [the debtor] and his dependents' as 'property required to meet the present and anticipated needs of the individual and his dependents as determined ... after consideration of the individual's responsibilities and all of the present and anticipated property and income of the individual, including that which is exempt.' One commentator has suggested that the limitation was added to prevent officers of large corporations and professionals from placing large amounts of their assets into pension funds that would remain unavailable to their creditors, despite the fact that the individual might not have any real need for the assets Plumb, *The Recommendations of the Commission on Bankruptcy Laws—Exempt and Immune Property*, 61 Va.L.Rev. 1, 58–59 (1975). Bankruptcy courts have generally looked to all the circumstances in determining whether there is a present or tangible future need for the pension funds, and have denied the exemption where the debtor is relatively young and has a present earning capacity.

at 565.

While reference is made to pension plans the same reasoning applies to severance pay in this case. To determine the standard of living to what the debtor is entitled the court agrees with the reasoning in *In re Taff*, 10 B.R. 101, 7 BCD 493 (Bankr.D. Conn.1981) which states:

> the reasonably necessary standard requires that the court take into account other income and exempt property of the debtor, present and anticipated, that the limitation provisions of the CCPA are inapplicable, and that the appropriate

amount to be set aside for the debtor ought to be sufficient to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed but taking into account the special needs that a retired elderly debtor may claim.

In the present case the twice monthly payment of $629.17 are reasonably necessary even when they are supplemented by the debtor's wages from his new job.

At the trial held on September 30, 1982 both parties stipulated that the debtor's budget be entered into evidence. According to that budget when the debtor was receiving the severance payments, he was able to meet his basic living expenses. After the trustee took possession of the payments the debtor was no longer able to pay his current expenses.

The purpose of the exemption statute of the Code is to provide debtors with a "fresh start" according to H.R. Rep. No. 595, 95th Cong., 1st Sess. 126, *reprinted in* [1978] U.S. Code Cong. & Ad. News 5963, 6087.

> "This historical purpose of these exemption laws (state exemption laws) has been to protect a debtor from his creditors, to provide him with the basic necessities of life ... The purpose has not changed ... there is a Federal interest in seeking that a debtor that goes through bankruptcy comes out with adequate possessions to begin his fresh start."

To deny the debtor these payments would make him unable to meet his basic obligations and thus contravene the purpose of the law. In light of the foregoing reasons, it is hereby,

ORDERED that the trustee's objection to debtor's claim of exemption of severance pay be, and it hereby is, overruled.