In re Sharon C. BELL, Debtor(s).

John J. HUNTER, Trustee, Plaintiff(s),

v.

Sharon C. BELL, Defendant(s).

Bankruptcy No. 87–0098.
Related Case No. 86–00327.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Oct. 9, 1987.

John J. Hunter, Trustee, Toledo, Ohio.

John D. Noble, Fayette, Ohio, for debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Pre–Trial on Complaint to Deny Discharge.

At the Pre–Trial, the parties agreed that the exemption of severance pay was primarily an issue of law. Both parties filed Memoranda on the subject. The Court has reviewed the arguments and the relevant case law. Based on that review, and for the following reasons, the Court finds that severance pay may be claimed as exempt under O.R.C. § 2329.66(A)(10)(b).

## FACTS

The facts in this case do not appear to be in dispute. The Debtor's employment at Globe Weis was terminated after twenty (20) years. Pursuant to the Union contract, the Debtor received One Hundred Dollars ($100.00) for every year she worked for the company. The total amount of severance pay was Two Thousand Dollars ($2,000.00).

## LAW

The issue before the Court is whether O.R.C. § 2329.66(A)(10)(b) allows an exemption for severance pay. This provision states:

**2329.66 Property that person domiciled in this state may hold exempt**

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

\* \* \* \* \* \*

(10)(b) The person's right to receive a payment under any pension, annuity, or similar plan or contract, not including a payment from a stock bonus or profit sharing plan or a payment included in division (A)(6)(b) or (10)(a) of this section, on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of his dependents, except if all the following apply:

(i) The plan or contract was established by or under the auspices of an insider that employed the person at the time his rights under the plan or contract arose:

(ii) The payment is an account of age or length of service;

(iii) The plan or contract is not qualified under the Internal Revenue Code of 1954, 68A Stat. 3, 26 U.S.C. 1, as amended.

In interpreting the Ohio exemption statutes, courts have held that there should be a general rule of liberality. In effect, when there is a doubt as to the intent behind the statute, the interpretation should be construed in favor of the debtor. *In re Simon*, 71 B.R. 65, 66 (Bankr.N.D. Ohio 1987).

It has also been noted that Ohio's exemption provisions were amended after the enactment of the Bankruptcy Code in 1978, and in many respects they "substantially parallel" the exemption provisions of the Code. Ferriell, *The Bankruptcy Reform Act and Ohio's New Exemption Law: Representing Consumer Debtors in Liquidation Proceedings*, 8 Ohio N.U.L.Rev. 881 (1981). Accordingly, Ohio Courts have looked to the cases and legislative history of corresponding federal exemptions when interpreting the intent of the Ohio legislature in enacting almost identical legislation. *In re Simon, supra* at 66; *In re Phillips*, 45 B.R. 529, 531 (Bankr.N.D.Ohio 1984).

In the case *sub judice*, the corresponding federal statute is 11 U.S.C. § 522(d)(10)(E). A review of the case law reveals no cases involving the applicability of § 522(d)(10)(E) to severance pay. There is, however, an Ohio case directly on point. In *In re Phillips, supra*, the severance pay issue was addressed by the Honorable Walter J. Krasniewski. The *Phillips* decision held that severance pay may be exempt under the Ohio exemption statute. The Court first looked to the legislative history of the federal exemption provision for guidance. The House Report states:

Paragraph (1) exempts certain benefits that are akin to future earnings of the debtor. These include social security, unemployment compensation, or public assistance benefits, veteran's benefits, disability, illness, or unemployment benefits, alimony, support, or separate maintenance (but only to the extent reasonably necessary for the support of the debtor and any dependents of the debtor), and benefits under a certain stock bonus, pnsion, profitsharing, annuity, or similar plan based on illness, disability, death, age or length of service. H.R. Rep. no. 595, 95th Cong., 1st Sess. 362 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News, 5787, 6318.

In *Phillips*, the Court was concerned that the exemption not create a vehicle for debtors to hide assets from their creditors. However, in both *Phillips* and the present case, the employee did not make contributions to any severance pay fund, it was funded by the employer. In addition, the distribution was made under a definite formula, One Hundred Dollars ($100.00) for each year of employment. Also, the employee did not have the right to withdraw any severance pay funds prior to distribution. Accordingly, it does not appear that allowing the exemption of severance pay would create an opportunity for abuse, particularly when the exemption is specifically limited to the amount reasonably necessary for the support of the debtor and any dependents of the debtor.

Therefore, it appears that the Debtor's severance pay may be exempt under § 2329.66(A)(10)(b). The factual issue of whether any, or all, of the Two Thousand Dollars ($2,000.00) was reasonably necessary for the support of the debtor, or any dependent of the debtor, remains unresolved. Only the legal issue was submitted to the court by the parties.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Therefore, it is

ORDERED that the severance pay exemption is allowed, subject to a resolution of whether any, or all, of the amount was reasonably necessary for support of the Debtor, or a dependent of the Debtor.

It is FURTHER ORDERED that if the parties cannot agree on the amount reasonably necessary for support within twenty-

one (21) days from the date of this Order, the Court will set the matter for Hearing upon the Motion of either party.