**In re Robert L. BLOOM and Alison G. Bloom, Debtors.**

**Bankruptcy No. B88–1716.**

United States Bankruptcy Court,
N.D.Ohio, E.D.

Oct. 11, 1988.

Sheldon Stein, Cleveland, Ohio, for debtors.

Diana M. Thimmig, Arter & Hadden, Cleveland, Ohio, trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court upon the Trustee's motion for a turnover of funds. Following a hearing with notice thereof to all entitled parties, the Court has reviewed the pleadings and other relevant portions of the record. Pursuant to Rule 7052, the following constitutes the Court's findings:

### I.

This is a core proceeding under provisions of 28 U.S.C. 157(b)(2), with jurisdiction further conferred under 28 U.S.C. 1334 and General Order No. 84 of this District. Herein, the Trustee seeks a turnover of funds. On the petition date the Debtors had an estimated $10,291.60 on deposit in an IRA account. Additionally, the Debtors had another $326.92 in two separate bank accounts. Further, they were entitled to a federal tax refund exemption in an amount of $1,221.00, for a total of $11,809.52. Initially allowing for the Debtor's statutory exemptions, the Trustee sought a nonexempt recovery of $10,209.52. Consequent to the turnover motion, the Trustee filed an objection to the Debtors' claim for exemptions.

On the Debtors' Schedule B–4, an exemption for all funds held in their IRA account is claimed. Contending that the Debtors have provided no documentation in support of their claimed exemption, the Trustee objects to an exemption allowance. This motion ensued.

### II.

The dispositive issues are two-fold: (1) Whether a debtor is entitled to claim as exempt property funds on deposit in an individual retirement account (IRA); and (2) Whether the "reasonably necessary" language of § 2329.66(A)(10)(c) of the Ohio Revised Code violates the equal protection clause of the United States Constitution.

In support of her motion for turnover, the Trustee contends that the Debtors are currently able to earn income which is sufficient to meet their basic needs and, for that reason, the IRA funds are unnecessary to meet those obligations and should be classified as nonexempt property. To support that contention, the Trustee avers that the Debtors: (1) have a combined net monthly income of $1,714.92; (2) earned approximately $26,000.00 during the 1987 tax year, according to their statement of

financial affairs, but their 1987 federal tax return reflects combined earned income in an amount in excess of $34,000.00; (3) are both gainfully employed; (4) received interest income and dividend income totalling in excess of $2,200.00 during 1987; (5) have maintained their employment as a machine operator and as a payroll clerk, respectively; (6) under their current income, have been able to maintain their lifestyle in a fashion which was higher than that necessary for maintenance and/or support; (7) have funds in an IRA account owned by co-debtor Robert Lee Bloom totalling $10,291.60; (8) have additional accounts, including but not limited to a joint checking account, a savings account, a credit union share account, and two mutual fund accounts; (9) own a gun collection valued in excess of $3,000.00; (10) own thirty (30) shares of stock in Chemical New York; (11) reside in a personal residence which is fair market valued at $70,000.00, and own two automobiles, a 1980 Buick Skylark and a 1982 Buick Regal. Further, the Trustee states that the subject IRA account was established in 1983, without disbursement restrictions, and at no time have the Debtors disturbed the corpus of the account. For these reasons, the Trustee strongly urges that the IRA funds be deemed as nonexempt assets since they obviously are not necessary for the support of the Debtors or of their dependent.

In opposition to the Trustee's motion for turnover of funds, the Debtors differ regarding the Trustee's status report on certain of their assets. They admit that both co-debtors are employed but contend that the Trustee has overstated their net monthly income. They contend that their respective net weekly incomes are $224.43 and $221.02.[1] They further assert that although their personal residence is valued at approximately $70,000.00, it is subject to a mortgage of equal amount, requiring monthly payments thereon of $645.00. Additionally, they state that of the two automobiles, one has been returned to a secured creditor during the course of their estate's administration. They further represent that the balance of their nonexempt assets, including a coin collection, thirty (30) shares of Chemical New York stock, and funds in excess of exemption limitations are in the process of being voluntarily turned over to the Trustee for administration.

### III.

In order to maintain a motion for turnover, the burden of proof is upon the party seeking the turnover. That burden must be carried by clear and convincing evidence. *Maggio v. Zeitz*, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948). As the State of Ohio has elected to opt out of the federal exemption scheme provided under § 522 of the Bankruptcy Code, [11 U.S.C. 522], an examination of Ohio's exemption statute is required. In pertinent part, Ohio Revised Code § 2329.66(A)(10)(c) provides:

(c) Except for any portion of the assets that were deposited for the purpose of evading payment of any debt, the person's right in the assets held in, or to receive any payment thereunder, any individual retirement account, individual retirement annuity, or Keogh or "H.R. 10" plan that provides benefits by reason of illness, disability, death, or age, to the extent reasonably necessary for the support of the person and any of his dependents. Ohio Revised Code § 2329.66(A)(10)(c).

The above statutory provision was revised in 1984. There exists no Ohio case law interpreting this relatively new exemption for IRA's or interpreting the statute's legislative history. A resolution of the initial issue calls for the Court to determine whether, in view of the statutory requirements of § 2329.66(A)(10)(c), the IRA funds on deposit are reasonably necessary for the Debtors to maintain their basic needs.

An examination of the pleadings and the record, generally, reveals that the subject IRA account was established in 1983. It is undisputed that the Debtors have not disturbed the amounts on deposit. It is undis-

---

1. Using the Debtors' weekly income figures, their combined net monthly income ($1,925.10) actually is greater than that alleged by the Trustee ($1,714.92).

puted that both Debtors are currently employed. Their 1987 tax return reflects combined earnings in excess of $34,000.00. Co-debtor, Robert Bloom, is employed as a machine operator at Marshallan Industries, Inc., while his spouse, co-debtor Alison Bloom, is employed as a payroll clerk with Martien Electric, Inc. In addition to their earned income, they have a modest amount of passive income from interest and dividends. The proceeds on deposit in their IRA account reportedly total $10,291.60. That amount is undisputed. The Debtors' representation that they are in the process of voluntarily turning over certain non-exempt assets to the Trustee which include a coin collection, thirty shares of Chemical New York stock, and other funds in excess of the exemption limitation, is of record.

Federal exemptions available to a debtor in a "non-opting out" state are provided under provisions of § 522 of the Bankruptcy Code. As the "reasonably necessary" standard is applied to the particulars of this case, it is significant to note that the language of Ohio Revised Code § 2329.66(A)(10)(c) is, in part, mirrored from the exemption language of § 522(d)(10)(E) of the Bankruptcy Code which exempts from a debtor's estate:

> (10) The debtor's right to receive—
>
> (F) a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless ... 11 U.S.C. 522(d)(10)(E); *See also*, § 6, Uniform Exemptions Act; H.R.Rep. No. 595, 95th Cong., 1st Sess. 361 (1977).

The Debtor, Robert Bloom is 56 years old. His co-debtor spouse, Alison, is 43 years old. They have one minor dependent, age fifteen months. A review of the Debtors' petition and other portions of the record reveals that they have been employed for a combined total of eight years on their present jobs and have scheduled assets totalling $88,775.00. Their scheduled debts indicate secured debts of $75,-459.00 and unsecured debts of $18,710.47, totalling $94,169.48 among twenty-four scheduled creditors. Two of their secured debts have been reaffirmed, inclusive of the mortgage on their personal residence (Indiana Mortgage Corp.) and a debt owed to National City Bank. Their estimated monthly expenses are stated at $2,004.75. Total exemptions claimed from their estate, including the subject IRA account, total $17,400.00. The reaffirmed debts total $68,418.03 and, when viewed against their total indebtedness of $94,169.48, show that the Debtors effectively are seeking a discharge of some $25,751.00 of debt, including scheduled exemptions.

Although the Debtors argue that the co-debtor husband is approaching retirement, that averment by their counsel is not supported in the record. Further, to the extent that certain of their assets may have been abandoned, that does not alter the undisputed representation that the Debtors have not relied upon their IRA account since it was established in 1983 for their basic support.

The burden of proof respecting a motion for turnover is on the movant. Here, the Trustee has sustained that burden by clear and convincing evidence.

The Debtors' argument relative to the legislative intent of the Ohio legislature when enacting § 2329.66(A)(10)(c) is without merit. The statutory language of that section is unambiguous. Where the statutory language clearly expresses the legislative intent, a court may not read another meaning into the statute in order to arrive at a more preferable result. *Central Trust Co. v. Official Creditors' Comm.*, 454 U.S. 354, 359–60, 102 S.Ct. 695, 697–69, 70 L.Ed.2d 542 (1982). Further, the Debtors' equal protection argument has been considered and is not well-founded.

■ Section 2329.66(A)(10)(c), Ohio Revised Code, allows the exemption of an IRA only to the extent that such exemption is reasonably necessary for the support of the debtor and any dependents. When the Debtors' situation is viewed against that statutory requirement, one can reasonably and fairly conclude that the full amount of

their IRA deposit is not required to meet their basic support needs. This finding is reached upon consideration of the Debtor's reaffirmation of a majority of their scheduled indebtedness; the undisputed representation that their IRA deposit has remained undisturbed since it was opened in 1983; their passive income, coupled with the existence of other bank accounts including a savings account; their relative ages; their employability; and their earning power. *See, In re Bartlett,* 67 B.R. 455 (Bankr.W.D.Mo.1986); *In re Phillips,* 45 B.R. 529, 533 (Bankr.N.D.Ohio 1984); *In re Taff,* 10 B.R. 101, 7 B.C.D. 493 (Bankr. Conn.1981). Generally, when there exists the presence of such evaluative criteria, the claimed exemption has been wholly disallowed. In this matter, however, the Court has also considered the estimated monthly expenses of the Debtors which are undisputed and are otherwise within reasonable limits. Those expenses are estimated at $2,004.00 monthly and barely exceed the Debtors' aforementioned net monthly income. For this reason, the full amount of the IRA will not be submitted for turnover. *See, In re Taff, supra.*

Accordingly, the Trustee's objection is sustained, and the Debtors will immediately remit an amount of $5,500.00 from their IRA to the Trustee. Failure to make such remittance within ten (10) days from the date of this Order will result in the full amount of the IRA ($10,291.60) being subject to recovery by the Trustee.

IT IS SO ORDERED.