**In re Dennis METZNER, Debtor.**

**Bankruptcy No. 92–33092.**

United States Bankruptcy Court, N.D. Ohio, W.D.

April 6, 1993.

Nancy S. Schramski, Lima, OH, for debtor.

Bruce C. French, Lima, OH, Trustee.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Trustee's Motion for Evidentiary Hearing on Debtor's Claim of Exemption and Motion for Turnover. At the trial, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the Trustee's Objection to Exemption should be Sustained; and that the Trustee's Motion for Turnover should be Granted in Part.

### FACTS

Debtor opened an Individual Retirement/KEOGH Account (hereafter "IRA") on February 5, 1987 with a balance of Two Thousand Five Hundred Forty and 92/100 Dollars ($2,540.92). The account balance as of March 13, 1992 is Six Thousand Nine Hundred Nine and 46/100 Dollars ($6,909.46), exclusive of earnings accrued and withdrawals made after that date. The IRA Certificate sets forth the following consequences for premature withdrawals from the account:

> "In the event of any withdrawal from the account prior to maturity date, the accountholder shall forfeit an amount equal to six months of interest or dividends, whether earned or not, on the amount withdrawn at the nominal (simple interest) rate being paid on the account regardless of the length of time the funds withdrawn have remained in the account....
>
> Any withdrawal which reduces the account balance below the Minimum Balance Requirement shall be considered as a withdrawal of the entire account balance and shall be subject to the penalty prescribed herein....
>
> If the account or any portion thereof is withdrawn not more than 7 days after a maturity date, earnings shall be paid

thereon at the Rate of Earnings above set forth to the date of withdrawal without penalty. . . .

Earnings credited to this account during any term may be withdrawn at any time during such term without penalty described in this section. However, such withdrawal of earnings may result in adverse tax consequences under IRS rules. . . ."

On August 27, 1992, Debtor filed a Chapter 7 Petition in Bankruptcy. On Schedule B, Debtor claimed an interest in the IRA valued at Six Thousand Nine Hundred Nine and 46/100 Dollars ($6,909.46). Shortly after the First Meeting of Creditors, the Trustee, Bruce C. French, filed a Turnover Demand, requesting that Debtor turnover the non-exempt IRA funds. The Trustee also filed an Objection to Claims for Exemptions. On January 11, 1993, Debtor's discharge was granted. All other property of the estate was deemed abandoned by the Trustee on January 29, 1993.

At trial, Debtor testified on direct examination that he is in his mid-forties; resides with his father; and has been employed at KP Industries (hereafter "KP") for seventeen (17) years. At present, he earns net weekly income of Two Hundred Sixty Eight and 00/100 Dollars ($268.00). This amount represents a reduction from his previous weekly net income of Two Hundred Eighty Two and 00/100 Dollars ($282.00). Debtor's hourly wage decreased from Nine and 32/100 Dollars ($9.32) to Eight and 56/100 Dollars ($8.56) during KP's attempt at reorganization. Debtor presented an article from THE DAILY HERALD which states that KP will close its doors on May 31, 1993. Upon cross-examination, Debtor admitted that he has not accepted KP's offer to relocate and reemploy him since he does not want to leave his home in Delphos, Ohio.

### LAW

Ohio Revised Code § 2329.66(A)(10)(b) reads in relevant part as follows:

(A) Every person who is domiciled in this state, may hold property exempt from execution, garnishment, attachment or sale to satisfy a judgment or order, as follows:

(10)(b) Except as provided in section 3113.21 of the Revised Code, the person's right to receive a payment under any pension, annuity, or similar plan or contract not including payment from a stock, bonus or profit sharing plan or a payment included in division (A)(6)(b) or (10)(a) of this section, on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the person and any of his dependents, except if all of the following apply:

(i) The plan or contract was established by or under the auspices of an insider that employed the debtor at the time his rights under the plan or contract arose.

(ii) The payment is on account of age or length of service.

(iii) The plan or contract is not qualified under the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended.

11 U.S.C. § 522(d)(10)(E) reads as follows:

(d) The following property may be exempted under subsection (b)(1) of this section:

(10) The debtor's right to receive—

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length or service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 or the Internal Reve-

nue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408, or 409).

11 U.S.C. § 542 reads in relevant part:

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

## *DISCUSSION*

This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) and 157(b)(2)(E). The dispositive issues include Debtor's entitlement to an exemption for IRA funds on deposit; and the extent of Trustee's entitlement to turnover of funds from Debtor's IRA account.

The Trustee argues that Debtor has failed to show that the funds on deposit are reasonably necessary to maintain his basic support. In addition, the Trustee argues that Debtor has failed to pursue KP's offer for relocation to other active locations within the company. For these reasons, Debtor's IRA is not exempt from property of the estate. The Trustee does concede that Debtor may be entitled to a portion of the proceeds from the IRA account.

Debtor argues that he is in his mid-forties and has never lived outside of the Delphos, Ohio area. He has been employed at KP during the past seventeen (17) years. He has no additional educational qualifications or work skills. Debtor resides with his father and they share living expenses. According to Debtor, it is unlikely that he will become reemployed within the same field or geographic location. Except for the IRA, Debtor has no additional retirement benefits. Debtor concedes that the Trustee is probably entitled to a portion of the proceeds from the IRA account.

Since the State of Ohio has "opted" out of the federal statutory scheme for exemp-

tions provided under 11 U.S.C. § 522, this Court must resort to examination under Ohio Revised Code § 2329.66(A)(10)(c), the State Exemption Statute, for determination of the extent that Debtor's IRA is reasonably necessary for support. *In re Bloom*, 91 B.R. 445 (Bkrtcy.N.D.Ohio 1988).

Upon reviewing Debtor's testimony, the exhibits and pleadings, the Court finds that Debtor has unsecured debt totalling Forty Three Thousand Seven Hundred Thirty Nine and 17/100 Dollars ($43,739.17). The Court also finds Debtor has no additional sources of income; is in his mid-forties; and has worked in his present capacity for approximately seventeen (17) years. With the exception of the IRA account and automobile, Debtor has no other assets. The IRA account was opened in 1987. The account records show that from the date of opening through March 13, 1992, Debtor has never made any withdrawals.

■ In the instant case, Debtor has not relied upon withdrawals from his IRA account for support from February 5, 1987 through March 13, 1992. Despite declining income, Debtor has been able to maintain his sustenance without withdrawing money from his IRA. Under R.C. § 2329.-66(A)(10)(b), neither the IRA funds on account or any portion thereof is reasonably necessary to maintain Debtor's support at present. When viewing Debtor's circumstances with respect to the statutory requirements, Debtor's IRA is not subject to exemption from the estate under R.C. § 2329.66(A)(10)(b). Consequently, the Court must Sustain the Trustee's Objection to Exemption.

■ The Court now turns its attention to the extent of IRA proceeds which are subject to Trustee's Motion for Turnover. In order to maintain a motion for turnover, the burden of proof is upon the party seeking turnover. That burden must be carried by clear and convincing evidence. *In re Bloom, id,* (quoting *Maggio v. Zeitz,* 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948)).

■ The Court finds that Trustee has proven that Debtor's IRA is not required for his present support. However, this

Court has considered Debtor's monthly expenses claimed in the petition; his employability outside of KP; and his earning power based upon his age and skill level. Debtor's income barely exceeds his expenses at present. If KP closes its doors and Debtor is forced to rely on unemployment compensation, Debtor's expenses will exceed his income. Moreover, Debtor is in his mid-forties and has no retirement benefits or passive sources of income. For these reasons, the Court finds that Trustee should be granted a partial turnover of proceeds from Debtor's IRA account. *In re Bloom, id.,* (quoting *In re Taff,* 10 B.R. 101, 7 B.C.D. 493 (Bankr.Conn.1981)).

The Court further finds that Debtor is entitled to a fresh start as envisioned under the principles of bankruptcy law. Therefore, Debtor will remit an amount equal to one half of the account balance as of March 4, 1993, including withdrawals and earnings, to the Trustee by March 30, 1993. The Trustee and Debtor shall share equally any penalty emanating from the withdrawal. Both the Trustee and Debtor shall be responsible for and pay their respective tax consequences under IRS rules.

In reaching the conclusion found herein, the Court has considered the demeanor of the witness, all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Trustee's Objection to Exemption be, and hereby is, **SUSTAINED.**

It is **FURTHER ORDERED** that Debtor turnover to the Trustee one half of the IRA/Keogh balance as of March 4, 1993, including withdrawals and earnings, to the Trustee on or before April 30, 1993.

It is **FURTHER ORDERED** that the Trustee and Debtor shall share equally payment of any and all penalties emanating from early withdrawal; and that the Trustee and Debtor shall be responsible for their respective tax consequences resulting from the withdrawal in accordance with IRS rules.