**In re Deborah Anne BOSTIC, Debtor.**

**Louis YOPPOLO, Trustee, Plaintiff,**

**v.**

**FIFTH THIRD BANK OF NW OHIO, Defendant.**

**Bankruptcy Nos. 93–3159, 93–30140.**

United States Bankruptcy Court, N.D. Ohio, Western Division.

July 29, 1994.

Louis J. Yoppolo, Trustee, Toledo, OH.

Gregory Sova, Toledo, OH, for defendant.

### MEMORANDUM OPINION
### AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Plaintiff's Complaint to Avoid Preferential Transfer and Defendants Answer. The parties agreed to submit written arguments and stipulations. The Court has reviewed the written arguments of Counsel, Briefs, all correspondences and exhibits, as well as the entire record in the case. Based on that review and for the following reasons, the Court finds that the transaction between Debtor and Defendant constitutes a preference which may be avoided pursuant to 11 U.S.C. § 547; that Plaintiff's request for statutory interest from May 25, 1993 should be Granted; and that Plaintiff's request for turnover should be Granted.

### FACTS

Debtor was an employee of The Fifth Third Bank of Northwestern Ohio, N.A. (hereafter "Defendant") and a participant in the Fifth Third Bancorp Master Profit Sharing Plan (hereafter "Plan"). The Plan is a qualified trust under 26 U.S.C. § 401(a), subject to the Employee Retirement Income Security Act of 1974 (hereafter "ERISA"). The Plan also contains antialienation language required by ERISA which creates a restriction on the transfer of a beneficial interest of the Debtor in the Plan enforceable under applicable non-bankruptcy law.

Debtor's interest in the Plan, amounting to Twenty–Two Thousand Two Hundred Forty–Eight and 39/100 Dollars ($22,248.39) was distributed to her by check on November 30, 1992. Debtor authorized Defendant to supply her endorsement to the check. Pursuant to Debtor's instructions, Defendant retained Ten Thousand Four Hundred Forty-five and 74/100 Dollars ($10,445.74) and delivered to Debtor a check for the remaining Eleven Thousand Eight Hundred Two and 65/100 Dollars ($11,802.65). Defendant applied the money received toward Debtor's antecedent indebtedness. Debtor spent the amount delivered to her on miscellaneous debts.

Debtor concedes that she was insolvent on November 30, 1992. Defendant concedes that as a result of the transfer, it received more than it would have received if this were a case under Chapter 7 of the Bankruptcy Code; the transfer had not been made; and Defendant had received payment of such debt to the extent provided by the Bankruptcy Code.

On January 19, 1993, Debtor filed her Petition for relief under Chapter 7. The Trustee (hereafter "Plaintiff") subsequently filed a Complaint to Avoid Preferential Transfer un-

der 11 U.S.C. § 547(b). The Defendant responded with an Answer and objected to the return of funds. At the Pre–Trial, Counsel agreed to submit all pending issues to the Court by way of Briefs and Stipulations.

## LAW

### 11 U.S.C. § 547

**§ 547.  Preferences.**

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

  (1) to or for the benefit of a creditor;

  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

  (3) made while the debtor was insolvent;

  (4) made—

    (A) on or within 90 days before the date of the filing of the petition;

  (5) that enabled such creditor to receive more than such creditor would receive if—

    (A) the case were a case under Chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

### 11 U.S.C. § 541

**§ 541.  Property of the Estate**

(c)(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

### 11 U.S.C. § 542

**§ 542.  Turnover of property of the estate.**

(a) Except as provided in subsection (c) or (d) of this section, an entity, other then a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debt-or may exempt under section 533 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

### 26 U.S.C. § 402

**§ 402.  Taxability of beneficiary of employees' trust.**

**(5) Rollover amounts**

(C) Transfer must be made within 60 days of receipt

Subparagraph (A) shall not apply to any transfer of a distribution made after the 60th day following the day on which the employee received the property distributed.

## DISCUSSION

I.  JURISDICTION AND CORE PROCEEDING.

The issues before this Court include whether Debtor's transfer of Ten Thousand Two Hundred Four Hundred Forty-five and 74/100 Dollars ($10,445.74) to Defendant constitutes a preferential transfer under 11 U.S.C. § 547; what amount, if any, must Defendant turnover to Plaintiff; and whether Defendant is required to pay interest on the amount, if any, subject to turnover. Pursuant to 28 U.S.C. §§ 157(b)(2)(E) and 157(b)(2)(F), this case is a core proceeding. This Court has jurisdiction over the parties and subject matter hereto pursuant to 28 U.S.C. § 1334.

II.  THE TRANSFER BETWEEN PLAINTIFF AND DEFENDANT CONSTITUTES A PREFERENCE.

A trustee can seek to set aside as a preference, any payment which meets the qualifications of 11 U.S.C. § 547(b). Those qualifications include a payment to a creditor, for an antecedent debt, made while debtor is insolvent, within ninety (90) days before the date of the filing of a petition for bankruptcy, that enables the creditor to receive more than such creditor would receive under a normal Chapter 7 liquidation. 11 U.S.C. § 547(b). The trustee has the burden of proving the avoidability of a transfer under 11 U.S.C.

§ 547(g). The creditor against whom the avoidance is sought has the burden of proving the nonavoidability of a transfer under 11 U.S.C. § 547(g).

In this case, Plaintiff and Defendant have stipulated as follows: that the transfer was for Defendant's benefit; that the transfer was on or account of an antecedent debt owed by the Debtor before the transfer was made; that the transfer was made while Debtor was insolvent; and the transfer enabled Defendant to receive more than it would have received if the case were one under Chapter 7 of this title; that the transfer enabled Defendant to receive more than if the transfer had not been made; and that Defendant received payment of such debt to the extent provided by the provisions of Chapter 7. The only element which is in dispute is the ninety (90) day time requirement.

ERISA qualified trusts do not constitute property of the debtor's estate and are protected from attachment of creditors in bankruptcy. 11 U.S.C. § 541(c)(2). Under 26 U.S.C. § 402(a)(5)(C), debtor is provided a sixty (60) day rollover period in which to invest the funds distributed from a qualified trust into another qualified plan. However, if funds are withdrawn from an ERISA qualified trust and not "rolled over" into another qualified trust during the sixty (60) day period, they become unprotected assets of the debtor in bankruptcy and are property of the estate. 26 U.S.C. § 402(c)(3).

Defendant argues that since Debtor transferred the money within the sixty (60) day window, the funds remain subject to the transfer restriction under ERISA's antialienation provisions and are not property of the estate. In the alternative, Defendant claims that since the sixty (60) day period within which to rollover the Plan proceeds had not expired at the time Debtor filed for relief, the money is still protected from Plaintiff, as if it still existed in the qualified trust.

Plaintiff counterpoises that once the transfer was made within the sixty (60) day window preceding Debtor's filing and the transfer was not made to a qualified plan, the funds lost their protection únder ERISA's antialienation provisions. According to Plaintiff, all elements of a preference co-exist and Defendant should turnover Ten Thousand Four Hundred Forty-five and 74/100 Dollars ($10,445.74) plus interest from May 25, 1993, the date that the Complaint was filed.

Counsel for both sides discuss in their Briefs whether a bankruptcy petition filed after distribution but within the sixty (60) period preserves the automatic protection of the assets as if they were still within the original qualified fund. However, when the facts of this case are examined closely, the only issue is the characterization of the Ten Thousand Four Hundred Forty-five and 74/100 Dollars ($10,445.74) paid to Defendant at the same time that the transfer was made to Defendant.

Funds of Twenty-two Thousand Two Hundred Forty-eight and 39/100 Dollars ($22,248.39) were distributed to Debtor. The law allows Debtor a sixty (60) day period within which to either "rollover" this money into another qualified fund and continue its protected status or retain the money and place it within the Creditor's reach. Debtor in this case, had a sixty (60) day rollover period beginning on November 30, 1992 and ending on January 29, 1993. Debtor made two (2) separate elections, neither of which have the effect of a rollover. First, within sixty (60) days prior to filing bankruptcy, Debtor elected to transfer Ten Thousand Four Hundred Forty-five and 74/100 Dollars ($10,445.74) to Defendant for the sole purpose of fulfilling the obligation for an antecedent debt. Second, Debtor elected to retain the remaining Eleven Thousand Eight Hundred Two and 65/100 Dollars ($11,802.65) for her personal use.

At the time of the filing, Debtor had made an election with respect to the proceeds from the Plan. She elected not to protect them by rolling them over into another qualified fund, but to retain them and make a payment to a Creditor. At the point that Debtor made the payment to Defendant, her election became final and the option to rollover within sixty (60) days was terminated. It seems extremely unlikely that had Debtor changed her mind about making the payment, Defen-

dant would have returned the funds so that she could place them in a trust.

Based upon the stipulations and evidence, this Court finds that Debtor intended to complete payment on an antecedent debt. As evidenced by the November 30, 1992 transaction, she did not intend to rollover the Ten Thousand Four Hundred Forty-five and 74/100 Dollars ($10,445.74) tendered to Defendant. As a result of Debtor's election, the November 20, 1992 transfer was made within the ninety (90) days preceding Debtor's filing on January 19, 1993. As contemplated under 11 U.S.C. § 547, the November 20, 1992 payment by Debtor to Defendant for an antecedent debt constitutes a preference.

### III. INTEREST ON AVOIDABLE PREFERENTIAL PAYMENTS.

 Interest charges are appropriate where a creditor improperly retains assets of the estate. Where a payment is found to be a preferential payment, a Chapter 7 trustee is entitled to prejudgment interest from the date of filing of the trustee's complaint. *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 465 (6th Cir.1991).

Plaintiff prays for repayment of interest from Defendant for the use of money it was not entitled to receive. Under these circumstances, it is proper to require Defendant to pay interest to Plaintiff from the date of the filing of the Complaint. Therefore Defendant must also reimburse Plaintiff for use of the money from the time of filing the Complaint on May 25, 1993.

### IV. TURNOVER OF PROPERTY OF THE ESTATE.

The trustee not only has the power to avoid a transaction that constitutes a preference under 11 U.S.C. § 547, but the trustee has the right to demand turnover of any property which may be used or sold for the benefit of the estate, held by any entity, other than a custodian. 11 U.S.C. § 542(a). The burden of proof is on the party seeking turnover. That burden must be sustained by clear and convincing evidence. *In re Bloom*, 91 B.R. 445 (Bkrtcy.N.D.Ohio 1988).

In this case, Plaintiff has proven by clear and convincing evidence that the transfer between Debtor and Defendant of Ten Thousand Four Hundred Forty-five and 74/100 Dollars ($10,445.74) constitutes a preference. Further the value of this transfer can be of significant value in the liquidation of the estate and the distribution to all unsecured Creditors. Therefore, Plaintiff has the right to the property held presently by Defendant pursuant to 11 U.S.C. § 542(a).

In reaching the conclusion found herein, the Court has considered all the evidence, exhibits and arguments of Counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

**ORDERED** that the November 30, 1992 transfer between Debtor and Defendant of Ten Thousand Four Hundred Forty-five and 74/100 Dollars ($10,445.74) constitutes a preferential transfer which may be avoided by Plaintiff.

It is **FURTHER ORDERED** that Plaintiff's request for statutory interest from the date of filing the Complaint on May 25, 1993, be, and is hereby, **GRANTED.**

It is **FURTHER ORDERED** that Plaintiff's request for turnover of the funds to Plaintiff be, and is hereby, **GRANTED;** and that Defendant shall pay Plaintiff by August 19, 1994 the sum of Ten Thousand Four Hundred Forty-five and 74/100 Dollars ($10,-445.74) plus statutory interest from May 25, 1993.