Thomas PALLANTE, et al., Plaintiff,

v.

INTERNATIONAL VENTURE
INVESTMENTS, LTD., et al.,
Defendant.

No. C 85–7289.

United States District Court,
N.D. Ohio, W. Division.

Oct. 31, 1985.

John J. Callahan, Toledo, Ohio, for plaintiff.

H. Buswell Roberts, Jr., Toledo, Ohio, for judgment debtor.

## OPINION AND ORDER

WALINSKI, District Judge.

This matter is before the Court on plaintiffs' motion for an order commanding the Clerk of this Court to pay to plaintiffs certain monies of the defendant which were deposited with the Clerk by the garnishee. This motion was initially granted on April 4, 1985. Shortly thereafter, defendant Shackelford moved for relief from said order, and requested a hearing on the matter. Subsequently, in an order dated August 8, 1985, this Court granted defendant's motion, thereby vacating its April 4, 1985 order and setting the matter for hearing on September 23, 1985. Said hearing having been held, this Court now reconsiders plaintiffs' initial motion. For the following reasons, plaintiffs' motion is well taken and same is granted.

The facts in this case have been previously set forth. Therefore, there is no need to fully restate them at this juncture. Summarily, however, defendant Robert Shackelford seeks to exempt all or part of the sum of $48,022.24 paid by the garnishee, Owens-Illinois, Inc., to the Clerk of this Court. The sum was owed to defendant Shackelford by Owens-Illinois pursuant to the terms of a "Voluntary Separation Program." This program was made available by the corporation in an effort to reduce operating expenses. Consequently, it was designed for full-time, retirement-eligible salaried employees who were age fifty-five (55) or older during 1985. The program provided employees with two (2) options: "A" and "B".

Under the terms of option A, an employee between ages fifty-five (55) to sixty-two (62) could choose to receive a monthly severance payment until age sixty-two (62), in addition to his normal pension benefit. The terms of option B permitted an employee to receive a lump sum severance payment equivalent to two (2) times normal severance pay. Defendant Shackelford chose to receive the lump sum amount.

■ The issue before the Court is whether defendant Shackelford's lump sum severance payment is subject to exemption from garnishment, in whole or in part, pursuant to the laws of the state of Louisiana[1] or pursuant to 15 U.S.C. § 1673(a).

In pertinent part, La.Rev.Stat.Ann. § 13:3951 states:

> Wages earned out of this state and payable out of this state shall be exempt from attachment or garnishment in all cases where the cause of action arose out of this state. The garnishees in such cases shall plead such exemption unless the defendant is actually served with the process.

Defendant Shackelford reads this provision to mean that his severance payment is exempted because the monies in question were earned, payable, and subject to garnishment from a cause of action which arose outside the state of Louisiana. This Court disagrees with the defendant's conclusion. A better reading of § 13:3951 suggests that it is applicable only to those proceedings brought in Louisiana. This reading would be consistent with Fed.R. Civ.P. 64 which states that:

> At the commencement of and during the course of an action, all remedies providing for seizure of ... property for the purpose of securing satisfaction of the judgment ultimately to be entered in an action are available under the circumstances and in the manner provided by

the law of the state in which the district court is held. ...

Generally, therefore, questions of exemption are determined solely by the laws of the forum. *Cf. Mass. Mutual Life Ins. Co. v. Central-Penn Nat. Bank*, 300 F.Supp. 1217 (E.D.Pa.1969). *See generally* 35 C.J.S. *Exemptions* § 2 (1960). Accordingly, defendant Shackelford's domicile would be significant if the garnishment proceeding had been brought in Louisiana. In such a situation, the defendant would have been able to avail himself of the Louisiana statute. However, since the Louisiana statute is not applicable, defendant's argument based on Louisiana law is not well taken.

■ Defendant next argues that the monies are exempt pursuant to 15 U.S.C. § 1673(a). This statute provides:

> [T]he maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment may not exceed
>
> (1) 25 per centum of his disposable earnings for the week, or
>
> (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable, which ever is less.

In order to qualify for this exemption, defendant Shackelford's lump sum severance payment must come within the statutory definition of "earnings" and "disposable earnings" as provided in 15 U.S.C. § 1672(a) and (b). Neither this Court, nor counsel for either of the parties are able to find controlling authority relative to the characterization of the lump sum severance payment.

In an analogous situation, however, the Supreme Court has held that an income tax refund is not "earnings" or "disposable earnings" within the meaning of 15 U.S.C.

---

1. Initially, defendant Shackelford claimed the monies exempt pursuant to O.R.C. § 2329.-66(A)(10)(b) and (A)(13). The language of this statute is clear. Only those individuals who are domiciled in the state of Ohio can benefit from the exemptions contained therein. In the case

*sub judice*, defendant Shackelford is a domiciliary of the state of Louisiana. Consequently, he cannot avail himself of the exemptions provided by the statute. Thus, defendant Shackelford now seeks to exempt the monies pursuant to La.Rev.Stat.Ann. § 13:3951.

§§ 1672 and 1673. *Kokoszka v. Belford*, 417 U.S. 642, 651, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974). In *Kokoszka*, the Supreme Court stated:

> [T]he terms "earnings" and "disposable earnings," as used in 15 U.S.C. §§ 1672, 1673 ... [are] limited to "periodic payments of compensation and [do] not pertain to every asset that is traceable in some way to such compensation." 479 F.2d at 997. This view is fully supported by the legislative history. There is every indication that Congress, ... sought to regulate garnishment in its usual sense as a levy on periodic payments of compensation needed to support a wage earner and his family on a week-to-week, month-to-month basis.

*Id. See* 1968 U.S.Code Cong. and Adm. News 1962, 1978, 1979. *But see In re Cedor,* 337 F.Supp. 1103 (N.D.Ga.1972), *aff'd,* 470 F.2d 996 (9th Cir.1972), *cert. denied,* 411 U.S. 973, 93 S.Ct. 2148, 36 L.Ed.2d 697 (1973). It is clear, therefore, that "earnings" means periodic payments of compensation.

The determinative factor in deciding whether severance pay is subject to the statutory limitations is whether the monies are received in periodic payments. The fact that a severance payment is made in a lump sum places it outside the statutory provision. *Cf. Kokoszka v. Belford,* 417 U.S. at 651, 94 S.Ct. at 2436; *In re Phillips,* 45 B.R. 529, 532 (Bankr.N.D.Ohio 1984); *In re Talbert,* 15 B.R. 536 (Bankr. W.D.La.1981). It is when payments are periodic that severance pay "is intended to provide income similar to current earnings." *In re Phillips,* 45 B.R. at 532. Applying this rational to the instant cause, this Court concludes that defendant Shackelford's lump sum severance payment does not fall within meaning of "earnings" or "disposable earnings" as defined in 15 U.S.C. § 1672. Consequently, the defendant cannot exempt the severance payment pursuant to 15 U.S.C. § 1673(a).

It is therefore,

ORDERED that the Clerk of this Court pay to the plaintiffs the monies received by him from the garnishee, Owens-Illinois, Inc., to wit, the sum of $48,022.24, less poundage, by drawing a check on the registry of this Court to the order of John J. Callahan and Brunn W. Roysden, Jr., as attorneys for Winston and Beverly Duke, Morton E. and Joan A. Lord and John H. and Mary Fromose, the plaintiffs herein.

FURTHER ORDERED that the garnishee, Owens-Illinois, Inc. is released and discharged from any further obligations in this proceeding.

FURTHER ORDERED that this cause is dismissed.