**FISHER BODY, Appellant**
**(Garnishee–Defendant**
**. Below),**

v.

**LINCOLN NATIONAL BANK & TRUST**
**COMPANY OF FORT WAYNE,**
**Appellee (Plaintiff Below).**

**No. 02A03–9006–CV–236.**

Court of Appeals of Indiana,
Third District.

Dec. 3, 1990.

Richard P. Steele, Stephen L. Fink, Barnes & Thornburg, Fort Wayne, for appellant.

Daniel E. Serban, Shambaugh, Kast, Beck & Williams, Fort Wayne, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant Fisher Body appeals the trial court's finding of contempt for breach of garnishment order.

The facts relevant to this appeal disclose that in October 1986 Lincoln National Bank of Fort Wayne obtained a judgment of $6,930.27 against David and Theresa Mazzaia for failure to pay on a note which they had executed to obtain money for an automobile. Lincoln made Fisher Body Division of General Motors Company, now C.P. Canada, a garnishee-defendant in October 1986. At that time, Fisher Body employed David Mazzaia. A garnishment order was issued by the trial court in January 1987 to Fisher Body. This order read in relevant part:

"The Court now finds and orders:

1. That Garnishee Defendant, withhold from earnings of Defendant, the lesser of the following sums:

(a) 25% of said earnings after subtracting income taxes and social security withholdings per week.

OR

(b) All of said earnings after subtracting income taxes, social security with-

holdings, and $100.50 (insert 30 × federal minimum hourly wage) per week."

Fisher Body withheld portions of Mazzaia's earnings pursuant to this order from February 1987 until August 1988 when Mazzaia voluntarily terminated his employment with Fisher Body. Mazzaia received, pursuant to a Voluntary Termination of Employment Agreement negotiated between the United Auto Workers and General Motors Corporation, a lump sum payment of $55,000.00. After taxes and miscellaneous adjustments, Mazzaia received a net amount of $39,888.27 on August 24, 1988. Fisher Body did not withhold any money from this lump sum.

Fisher Body notified the trial court that Mazzaia was no longer an employee. On May 23, 1989, Lincoln requested and the trial court issued a contempt citation against Fisher Body for failure to honor the garnishment order dated January 1987. The trial court on December 19, 1989 found Fisher Body in contempt for breach of garnishment order by paying funds to David Mazzaia without withholding the amount due on the garnishment order. The court determined the amount due to be $5,949.78. After Fisher Body's motion to correct error was denied, this appeal ensued.

One issue is dispositive of this appeal: whether Fisher Body properly complied with the garnishment order.

IND. CODE § 24–4.5–5–101 *et seq.* (1988 Ed.) is known as the Uniform Consumer Credit Code. The first part of this chapter applies to garnishments of the earnings of an individual. IND. CODE § 24–4.5–5–102 (1988 Ed.).

The limitations on garnishment read in relevant part:

"(2) Except as provided in subsection (8), the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment to enforce the payment of one (1) or more judgments against him may not exceed:

(a) twenty-five percent (25%) of his disposable earnings for that week; or

(b) the amount by which his disposable earnings for that week exceed thirty

(30) times the federal minimum hourly wage prescribed by 29 U.S.C. 206(a)(1) in effect at the time the earnings are payable;

whichever is less...."

IND. CODE § 24–4.5–5–105(2) (1988 Ed.). Disposable earnings "means that part of the earnings of an individual, including wages, commissions, income, rents, or profits remaining after the deduction from those earnings of amounts required by law to be withheld[.]" IND. CODE § 24–4.5–5–105(1)(a) (1988 Ed.). The trial court's garnishment order closely tracked that portion of the statute providing garnishment limitations.

These limitations are identical to the garnishment restrictions provided in 15 U.S.C. § 1673(a) (1988). The combination of the definitions of "earnings" and "disposable earnings" in 15 U.S.C. § 1672(a) and (b) is virtually identical to Indiana's definition of "disposable earnings" in IND. CODE § 24–4.5–5–105(1)(a) (1988 Ed.).

These statutes provide an exemption for a portion of the defendant's disposable earnings. However, if the property of the defendant does not fall within the definition of "disposable earnings," the exemption will not apply and the entire property can be subject to garnishment.

This issue was discussed in *Pallante v. International Venture Investments, Ltd.,* (N.D. Ohio 1985) 622 F.Supp. 667. The defendant Robert Shackelford sought to exempt all or part of the sum of $48,022.24 paid by the garnishee Owens–Illinois, Inc. This sum was owed to the defendant Shackelford pursuant to the terms of a "Voluntary Separation Program." The court had to decide whether defendant Shackelford's lump sum severance payment was subject to exemption from garnishment in whole or in part pursuant to 15 U.S.C. § 1673(a). Shackelford sought to qualify for this exemption by claiming his lump sum payment fell within the statutory definitions of "earnings" and "disposable earnings" as provided in 15 U.S.C. § 1672(a) and (b).

The court relied on an analogous situation presented in *Kokoszka v. Belford,*

(1974) 417 U.S. 642, 651, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374, in which the Supreme Court held that an income tax refund is not "earnings" or "disposable earnings" within the meaning of 15 U.S.C. § 1672 and § 1673. The Supreme Court stated:

> "[T]he terms 'earnings' and 'disposable earnings,' as used in 15 U.S.C. §§ 1672, 1673 ... [are] limited to 'periodic payments of compensation and [do] not pertain to every asset that is traceable in some way to such compensation.' [*In re Kokoszka*] 479 F.2d [990] at 997 [ (2nd Cir.1973) ]. This view is fully supported by the legislative history. There is every indication that Congress ... sought to regulate garnishment in its usual sense as a levy on periodic payments of compensation needed to support a wage earner and his family on a week-to-week, month-to-month basis."
>
> *Id.*

Therefore, the *Pallante* court construed "earnings" to mean periodic payments of compensation. In so doing, the court stated that the determinative factor in deciding whether severance pay is subject to the statutory limitations is whether the monies are received in periodic payments. *Pallante, supra,* at 669. Since the severance payment was made in a lump sum, rather than periodic payments, it was outside the statutory definition. The court reasoned that it is when payments are periodic that severance pay "is intended to provide income similar to current earnings." *In re Phillips,* 45 B.R. 529, 532 (Bankr.N.D.Ohio 1984). *Id.* Thus, the court concluded that defendant Shackelford's lump sum severance payment did not fall within the meaning of "earnings" or "disposable earnings" in 15 U.S.C. § 1672. Consequently, Shackelford was not entitled to the garnishment limitations provided in 15 U.S.C. § 1673. *Id.*

Lincoln points out that the *Pallante* case can be distinguished factually since the defendant Shackelford wanted the lump sum payment to fall within the exemption statute; whereas, in this case, Fisher Body clearly desires the lump sum payment not to fall within the statute. Although the cases are admittedly not identical, the *Pallante* court's reasoning on whether lump sum payments constitute earnings is persuasive and applicable in this case. In addition, as noted above, Indiana's statute, IND. CODE § 24–4.5–5–105, closely tracks 15 U.S.C. § 1672 and § 1673. Mazzaia's lump sum severance payment does not constitute "disposable earnings." Therefore it did not fall within the trial court's garnishment order, which followed the garnishment limitations provided in IND. CODE § 24–4.5–5–105.[1] Fisher Body did not err in failing to withhold a percentage of the lump sum severance payment.

Reversed and remanded to the trial court to vacate the contempt order.

STATON and BAKER, JJ., concur.

---

1. We note it is not the intent of the Indiana or the federal statutes to prohibit judgment creditors from reaching lump sum severance payments. A more specific drafting of the garnishment order would have authorized the trial court's contempt finding. For example, the garnishment order could have indicated the garnishee-defendant should also withhold non-disposable earnings in their entirety without reference to the limitations imposed upon the retention of disposable earnings.