[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED DECISION
Plaintiff has moved the Court to reconsider and clarify its decisions of February 13, 1991 in the above-entitled case. Plaintiff's motion will be treated by this Court as a motion to amend judgment pursuant to R.C.P. 59. After consideration of counsel's memorandum, the Court amends the judgment previously entered as follows.
The first full paragraph on page 3 of the decisions and continuing on page 4 should read:
 Plaintiff further argues that various courts with respect to bankrupt estates have held similar state statutory exemptions regarding IRA funds to be preempted by Section 514(a) of ERISA, 29 U.S.C. Section 1144(a) and have thus not included IRA funds in the bankrupt estate. In In Re Flindall,
105 D.R. 32 (Banktcy. D. Ariz. 1989), the court held that a state IRA exemption statute which referred to sections of the IRC governing the tax states of ERISA plans related to and was thus preempted by ERISA. Pertinent to the case at bar is the fact that the Rhode Island IRA Exemption statute 9-26-4(11) on which plaintiff relies, in contrast to § 9-26-4(12), does not refer to ERISA. Additionally, unlike the situation in Mackey v. Lanier Collections Agency and Service Inc., 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), wherein a state exemption statute regarding welfare plans specifically mentioned ERISA and also conflicted with the ERISA provision regarding garnishment of welfare plans, § 9-26-11 neither refers to ERISA nor technically conflicts with ". . . ERISA's purpose of protecting pension money from attachment by creditors." In Re Martinez, 107 B.R. 378, 380 (Bkrtcy. S.D. Fla., 1989). ERISA § 201(6) 29 USCA § 1051(6) (West 1985) specifically states that its provisions do not apply to individual retirement accounts. Furthermore, as noted by the court in In Re Martin, 102 B.R. 639 (Bkrtcy. E.D. Tenn. 1989), which ultimately held that an IRA established under IRC § 408 is outside the preemptive scope of ERISA, "[t]he legislative history for IRC § 408 indicates that Congress intended IRAs to provide comparable tax advantages to individuals not participating in an ERISA-qualified plan." Id. at 643. Accordingly, defendant's motion to vacate the restraining order enjoining him from encumbering and or withdrawing IRA funds withdrawn from the Fairlawn Credit Union and purportedly transferred to a bank in St. Petersburg, Florida is granted.
The Court further directs counsel's attention to the second full paragraph at page 2 of the Decision for its discussion of its refusal to include these same funds in determining the defendant's obligation to pay the judgment rendered against him.
The second full paragraph on page 8 of same Decision should read:
 Plaintiff's motion to charge the Lincoln Housing Authority as garnishee for those wages it withheld, as well as for those wages which were properly due to the employee for that payroll period at the time of service (of the writ of attachment and notice to employer (Garnishee Affidavit #1 (Exhibit D)) is granted. In all other respects, plaintiff's motion to charge the Lincoln Housing Authority as garnishee is denied in that said motion is an apparent attempt to escape the application of R.I.G.L. § 45-27-14, exempting public housing authorities from executions, in addition to this Court's finding the employer's deduction of Palma's voluntary IRA contributions to be proper. Accordingly, per § 9-26-4, this Court denies plaintiff's prayer to compel the Lincoln Housing Authority to pay to plaintiff $1,056.84 and instead compels the defendant Lincoln Housing Authority to pay over $879.08, the amount actually withheld. As for the wages withheld for the payroll period at the time of service (of the writ of attachment and notice of employer), the Lincoln Housing Authority is directed to pay to the plaintiff the appropriate amount calculated from wages for that payroll period, not just for those for the six days between date of the writ of attachment and date of payment. Insofar as the Court has ordered and directed that certain amounts be paid over to the plaintiff, the plaintiff's prayer for a writ of mandamus is granted. In so far, as the Court has not specifically ordered and directed that certain amounts be paid over to the plaintiff, the plaintiff's prayer for a writ of mandamus is denied.
With respect to the balance of the funds after garnishment of defendant Palma's accrued vacation and sick days, as discussed in the first full paragraph on page four and continued on page five, the Court here amends its decision. The Court denies plaintiff's prayer for a writ of mandamus and instead leaves counsel to their remedies under the available statutes for supplementary proceedings, § 9-28-1 et seq., and per R.C.P. 69. This paragraph should therefore read:
 Also at issue before this Court is whether defendant Palma's accrued vacation and sick days owed to him by the Lincoln Housing Authority constitute "wages," and are thus eligible for a 75% exemption per 15 U.S.C. § 1673(a). § 1672(a) defines "earnings" as
 . . . compensation paid or payable for personal services, whether denominated as wages,
salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program. (Emphasis added).
 Interpreting this same statute, the court in Gerry Elson Agency Inc. v. Muck, 509 S.W.2d 750, (Mo. App. 1974) advised other courts to ignore and instead to focus on whether such payments constituted "compensation for personal services" in classifying same as "earnings." Again, in Riley v. Kessler, 441 N.E.2d 638, 2 Ohio Misc.2d 4 (1982), the court held that vacation pay does constitute "earnings" which are subject to garnishment and attachment. Consequently, the accumulated sick leave pay to Palma and all the accumulated vacation leave payable to Palma accrued but unpaid until his termination would fall within the "compensation . . . payable for personal services" section of 15 U.S.C. § 1672(a). In contrast, a lump-sum severance payment not traceable to sick days and vacation days would be subject to garnishment. Pallante v. International Venture Investments, 622 F. Supp. 667 (D.C. Ohio 1985). Accordingly, this Court grants plaintiff's request to make an inquiry of the exact amount of monies due Palma from the Lincoln Housing Authority. After the necessary taxes are deducted, twenty-five percent of said funds may then be garnished pursuant to the wage attachment issued by this Court on June 14, 1990. With respect to the balance of these funds, the Court then leaves counsel to their available remedies for supplementary proceedings under § 9-28-1 et seq. and per R.C.P. 69.
Additionally, the Court finds the funds collected by the Lincoln Housing Authority Tenant Association to be given as a gift to the defendant, John Palma, at a retirement function are not subject to attachment. As the gift funds allegedly in the possession of the Lincoln Housing Authority Tenant Association have not been actually or constructively delivered to the judgment debtor who would not accept this gift, they are not attachable as his property. Hoffman Chevrolet Inc. v. WashingtonCounty National Savings Bank, 467 A.2d 758, 764 (Md. 1983). Furthermore, the donee's refusal to accept the gift constitutes his renunciation of same. A creditor of a donee has no such interest, legal or equitable, as will enable him to control the right of the donee to renounce a gift. 38 Am.Jur.2d Gifts § 34 (1968).
After reviewing the decision of February 13, 1991, the Court is satisfied that it responds to the motions pending at the time. As for the "Motion to Quash Execution and Vacate the Return of Service," on which plaintiff claims that neither side moved, the Court did so on its own motion pursuant to R.C.P. 43(e). Subsequently, after consideration of Plaintiff's memorandum in opposition to Defendant's above motion, the Court finds that no reasons have been advanced with sufficient grounds by the moving party to cause the Court to amend or change its decision. The plain and clear language of § 45-27-14 exempts all property of the authority from levy and sale by execution. Such laws of the forum are controlling regarding the exemption of property from execution, these exemptions constituting remedies rather than rights. Annotation, Choice of Law Exemption from Execution, 100 A.L.R.3d 1235, 1238 (1980 as amended). Consequently, counsel's additional argument that § 45-27-14 is a state statute which hampers an individual's rights per § 42 U.S.C. § 1983 is without merit. At issue here is exemption of property from execution, not immunity from liability of persons. Accordingly, all of the contentions raised by counsel are without merit and are hereby denied.
Counsel shall prepare an appropriate final amended judgment reflecting the Court's original rulings and all amendments thereto.