**In re Richard Kenneth JOHNSON, Debtor.**

**Bankruptcy No. 94–32338(2)7.**

United States Bankruptcy Court, W.D. Kentucky.

Sept. 15, 1995.

Thomas W. Frentz, Louisville, Kentucky, for debtor.

Kyle Cooper, Trustee, Louisville, Kentucky.

### MEMORANDUM–OPINION

J. WENDELL ROBERTS, Chief Judge.

This matter is before this Court on the Trustee's Objection to the Debtor's claimed exemption of severance pay received from the Debtor's former employer, NTS Corporation ("NTS"). Having fully reviewed the briefs filed by both parties, this Court sustains the Trustee's Objection for the reasons set forth below.

### FACTS

The Debtor, Richard Kenneth Johnson ("Debtor"), was previously employed by NTS. On June 9, 1994, Debtor notified NTS that he wished to resign. Pursuant to NTS's request, however, Debtor remained with NTS until July 31, 1994. Approximately two weeks later, on August 15, 1994, Debtor filed for protection under Chapter 7 of the Bankruptcy Code. Thereafter, on November 21, 1994, Debtor reached an agreement with NTS regarding a "separation package" (Debtor's April 20, 1995 Affidavit). Debtor has indicated that pursuant to the terms of that agreement, he has received severance payments of $10,833.33 per month and will continue to receive payments up to the sum of $130,000.00.

### LEGAL DISCUSSION

Debtor seeks to exempt the severance payments received from NTS as "earnings" under K.R.S. 427.010(2). This Court has previously addressed this precise issue in *In re Edward & Judith Taber*, Bankruptcy No. 94–33441(3)7. In *Taber*, the debtor's employer agreed to pay the debtor's salary for six weeks following his resignation, as well as to pay the debtor two lump-sum payments equal to 20 weeks of his current base salary. This Court held that those severance payments did not qualify as "earnings" for the purposes of exemption under K.R.S. 427.010(2). The term "earnings" is defined by K.R.S. 427.005(1) as meaning:

> Compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

This Court held in *Taber* that severance pay simply does not fit within the scope of this definition. *See also In re Dennison*, 84 B.R. 846 (Bankr.S.D.Fla.1988) (Court held a $10,000.00 lump-sum severance payment to a former professional football player was property of his estate and not exempt as wages).

Debtor distinguishes the case at bar from our earlier *Taber* decision on the basis that the severance payments in this case "were periodic, not in lump-sum" (Response at 1). He argues that periodic payments should be treated as "earnings" under K.R.S. 427.005. This Court rejects Debtor's distinction of the *Taber* decision. The debtor in *Taber* received his severance payments in two forms: (1) periodic payments made over a six week

**156**

period; and (2) two lump-sum payments. This court did not distinguish between the two forms of severance pay received by the debtor. Rather, this Court held that *none* of the severance pay received by the debtor qualified as "earnings" under K.R.S. 427.005 for the purposes of exemption in K.R.S. 427.010(2). *Taber,* 94–33441(3)7 at 3.

Debtor furthermore cites *Pallante v. International Venture Investments, Ltd.,* 622 F.Supp. 667 (D.C.N.D.Ohio 1985), for the proposition that periodic payments should be treated differently from lump-sum payments. However, *Pallante* involved periodic payments made pursuant to an "early retirement" program. The debtor in the *Pallante* case was seeking an exemption of those payments under 15 U.S.C. § 1673(a), which is identical to the Kentucky exemption statute relied upon by Debtor, K.R.S. 427.010(2). The term "earnings" for purposes of 15 U.S.C. § 1673(a) is defined by § 1672(a), which is likewise identical to K.R.S. 427.005(a). Periodic payments made "pursuant to a pension or retirement program," as were involved in the *Pallante* case, are *expressly included* within the definition of "earnings," as defined by 15 U.S.C. § 1672(a) and K.R.S. 427.005(a). Thus, periodic retirement payments are distinguishable from periodic severance payments, the latter of which are conspicuously omitted from the definition of "earnings" to be exempted under K.R.S. 427.010(2).

Thus, in accordance with *Taber,* infra, this Court holds that Debtor's severance pay does not qualify as "earnings" under K.R.S. 427.005 for purposes of exemption pursuant to K.R.S. 427.010(2).

### *CONCLUSION*

For the above stated reasons, the Court by separate Order sustains the Trustee's Objection to the Debtor's claimed exemption of severance pay received from the Debtor's former employer, NTS Corporation, and furthermore orders that the funds be turned over to the Trustee.

### *ORDER*

Pursuant to the attached Memorandum–Opinion,

IT IS HEREBY ORDERED that the Trustee's Objection to the Debtor's claimed exemption of severance pay received from the Debtor's former employer, NTS Corporation, be, and hereby is, SUSTAINED.

IT IS FURTHER HEREBY ORDERED that the funds received by the Debtor as severance from NTS Corporation be turned over to the Trustee.