FILED

Nov 18 2025, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court





# IN THE
# Court of Appeals of Indiana

First Financial Bank, N.A.,

*Appellant-Plaintiff*

v.

Jacob Vanhoose and Destiny Papilon,

*Appellees-Defendants*

and

Brogut Investments, LLC,

*Appellee-Garnishee Defendant*

---

November 18, 2025

Court of Appeals Case No.
25A-CC-898

Appeal from the Marion Superior Court

The Honorable Christina R. Klineman, Judge
The Honorable Ian Stewart, Magistrate

---

**Opinion by Judge Foley**
Judges Kenworthy and Scheele concur.

**Foley, Judge.**

[1] First Financial Bank, N.A. ("Bank") obtained a Garnishment Order that required Brogut Investments, LLC ("Employer") to garnish the wages of Jacob Vanhoose ("Vanhoose"). Bank appeals following unsuccessful proceedings supplemental against Employer, presenting two restated issues for review:

I. Whether Bank is entitled to a judgment against Employer for unremitted amounts subject to the Garnishment Order; and

II. Whether the trial court abused its discretion in declining to find Employer in contempt for noncompliance with the Garnishment Order.

[2] Concluding Bank is entitled to a judgment against Employer for unremitted amounts, but there was no abuse of discretion in declining to find Employer in contempt, we affirm in part, reverse in part, and remand with instructions.

## Facts and Procedural History

[3] In July 2023, Bank was awarded a judgment against Vanhoose and another individual in the amount of $17,054.97, plus costs and post-judgment interest.

After Bank obtained the judgment, Bank moved for proceedings supplemental, alleging that the two judgment-debtors had "wages, assets, income, profits, or other non-exempt property" that could be applied to satisfy the judgment. Appellant's App. Vol. II p. 31. The trial court scheduled a hearing.

[4] Meanwhile, on August 21, 2023, Bank filed a verified motion naming Employer as a garnishee-defendant. Bank requested an order requiring Employer to answer interrogatories "concerning [Vanhoose's] wages, assets, income, profits, or other non-exempt property . . . due or to become due" from Employer. *Id.* at 34. Later that day, the trial court issued a Notice of Garnishment Summons and Order to Answer Interrogatories. The trial court also issued a Notice to Garnishee of Equitable Lien, which named Employer as a garnishee-defendant and stated that Employer was "accountable to [Bank] in the action for the amount of money, property, or credits in [Employer's] possession or due and owing from [Employer] to [Vanhoose]. *Id.* at 40. The trial court warned Employer that disposing any property "contrary to such lien as later determined by the Court" would be "at [Employer's] risk." *Id*.

[5] On October 11, 2023, Employer answered Bank's interrogatories, confirming that Employer currently employed Vanhoose, who earned $800.00 per week on average. On November 28, 2023, the trial court held a hearing on proceedings supplemental and issued a Hearing Journal Entry indicating that Vanhoose was "Eligible for Final Order" regarding the garnishment of wages. *Id.* at 44.

[6]     On December 6, 2023, the trial court entered a Continuing Garnishment Order. Therein, the trial court ordered Employer to deduct from Vanhoose's weekly disposable earnings the lesser of (1) 25% of the earnings or (2) the amount of the earnings that "exceed[ed] $217.50 per week[.]" *Id.* at 45. The court ordered Employer to "remit the same to [Bank's] counsel" until the judgment was satisfied. *Id.* The court specified that the Garnishment Order had continuing effect, writing: "[Employer] shall continue to deduct from the disposable earnings of [Vanhoose] until such time as the Court issues an order releasing the Garnishment Order." *Id.* The court notified Employer that "[u]pon failure to pay all amounts due and owing" to Bank, "[Employer] shall be liable as provided by law." *Id.* The court also anticipated the possibility of a change in employment status, specifying: "Should [Vanhoose's] employment end, [Employer] shall notify [Bank] in writing and/or file an amended response with the Court." *Id.*

[7]     On October 18, 2024, Bank filed a Motion for Rule to Show Cause against Employer, alleging that Bank "ha[d] not received any garnishment remittances" and that Employer "failed and refused to pay pursuant to the Garnishment Order." *Id.* at 48. Bank asked the trial court to issue an Order to Appear to Show Cause, requiring Employer to appear and answer as to why it should not be held in contempt. Bank also asked that the trial court enter a judgment against Employer for "all missed remittances" under the Garnishment Order and award Bank its attorney's fees. *Id.* at 49. On October 21, 2024, the trial court entered an Order to Appear to Show Cause and set the hearing for

December 3, 2024. Ahead of the hearing, Bank filed a motion asking the trial court to stay the Garnishment Order because Vanhoose "filed for bankruptcy relief[.]" *Id.* at 58. While Bank sought a prospective stay of the Garnishment Order, Bank asked the trial court to "leave the hearing to show cause against [Employer] on the Court's docket," asserting that it "still intend[ed] to proceed with its claim for missed garnishment remittances[.]" *Id.* On November 12, 2024, the trial court ordered a stay of the Garnishment Order while specifying that the show cause hearing would remain set for December 3, 2024.

[8] The day of the show cause hearing, Employer filed an affidavit from its Managing Member, Robert Treash ("Treash"). Treash averred that, as of late November 2023, Vanhoose "ceased/terminated his employment with [Employer] and was no longer employed or working in any capacity for [Employer]," *id.* at 61, but "did come back to work for [Employer] in or around February 2024[,]" *id.* at 62. When re-employing Vanhoose, "there was no discussion regarding [his] debts or other obligations with respect to [Bank]." *Id.*

[9] Attached to the affidavit was an e-mail thread between Treash and a legal assistant at the law firm representing Bank. On December 6, 2023, Treash received an e-mail from the law firm, notifying Employer of the Garnishment Order entered that day. The next day, Treash responded that Vanhoose was no longer working for Employer. The law firm responded to Treash, thanking him for the update and noting that it would update the file. Treash believed this e-mail exchange satisfied Employer's obligations under the Garnishment Order, averring: "After I received this email from the law firm acknowledging my

notice that . . . Vanhoose no longer worked for [Employer], I understood that I complied with the [Garnishment Order] and the law firm's acknowledgment of my email relieved [Employer] of any further obligations." *Id.* Treash added that it was "never [Employer's] intention to disobey a court order[.]" *Id.* at 63.

[10] The trial court held the show cause hearing and planned to set the matter for a status conference. Meanwhile, on January 7, 2025, Bank filed a citation for contempt against Employer and requested a monetary judgment for $5,775.59 in alleged missed remittances from February 2024 through October 2024. On February 5, 2025, the trial court held a hearing on the citation for contempt. At the hearing, Employer pointed out that Vanhoose was not its employee when the Garnishment Order was issued. Bank argued that, regardless of Vanhoose's employment status when the Garnishment Order was issued, the Garnishment Order imposed an ongoing requirement such that Employer was obligated to garnish wages when re-employing Vanhoose. The trial court took the matter under advisement and requested supplemental briefing, which the parties filed.

[11] On February 13, 2025, the trial court denied Bank's request for a monetary judgment against Employer due to the alleged violation of the Garnishment Order. The trial court also declined to find Employer in contempt. The trial court noted that when the Garnishment Order was entered—"and for several weeks before"—Vanhoose "was not . . . an employee of [Employer]." *Id.* at 11. Bank filed a motion to correct error, which the trial court denied, writing: "If there [was] any failing on the part of [Employer] it was in not recalling when Vanhoose came back to the company that a garnishment order had been issued

while Vanhoose WAS NOT an employee of [Employer] months earlier." *Id.* at 14. The court "refuse[d] to penalize [Employer] for its actions," concluding that "Indiana law is silent as to how long an employer is supposed to retain records and information regarding garnishments that impact former employers [sic]" and that "[b]usinesses should not be saddled with the costs of record retention for orders that do not impact them (at that time)[.]" *Id.* As to Bank's contempt allegation, the court added that it "d[id] not find that [Employer] intentionally violated the Court's previous order." *Id.* at 15. Bank appeals.

## Discussion and Decision

Bank appeals following the denial of its motion to correct error. In general, we review a ruling on a motion to correct error for an abuse of discretion. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *trans. denied*. However, where the motion presents a pure question of law, our review is de novo. *Id.* Here, the motion to correct error focused on whether Bank was entitled to a judgment against Employer for failing to garnish wages under the Garnishment Order and whether Employer should be found in contempt.

To the extent an appeal involves the proper interpretation of a judgment or statute, these are questions of law subject to de novo review. *E.g.*, *In re Doe*, 148 N.E.3d 1147, 1150 (Ind. Ct. App. 2020); *Firestone v. Am. Premier Underwriters, Inc.*, 891 N.E.2d 151, 154 (Ind. Ct. App. 2008), *trans. denied*. Courts interpret clear and unambiguous legal text in a manner consistent with its plain meaning. *See, e.g.*, *WEOC, Inc. v. Niebauer*, 226 N.E.3d 771, 777 (Ind. 2024) (interpretation

of a statute); *Firestone*, 891 N.E.2d at 154 (interpretation of a judgment); *Singh v. Singh*, 844 N.E.2d 516, 524 (Ind. Ct. App. 2006) (interpretation of a contract). In contrast, we review contempt decisions for an abuse of discretion, which occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Moorman v. Andrews*, 114 N.E.3d 859, 864 (Ind. Ct. App. 2018).

## I. Missed Remittances

[14] In this case, Bank obtained a Garnishment Order pursuant to Indiana Code section 34-55-8-7. This statute authorizes the trial court to order "any property, income, or profits of the judgment debtor not exempt from execution or process, in the hands either of the judgment debtor *or of any other person*[,] . . . to be applied to the satisfaction of the judgment[.]" Ind. Code § 34-55-8-7(a) (emphasis added). Our legislature mandated that a garnishment order be a continuing lien, providing: "The judge shall order that . . . the judgment or execution is a continuing lien upon the income or profits of the judgment debtor in the hands either of the judgment debtor *or any other person* . . . from the date the order is served upon the person[.]" I.C. § 34-55-8-7(c) (emphasis added). The statute specifically addresses the possibility of a change of circumstances affecting a garnishment order, "including a change of employment[.]" I.C. § 34-55-8-7(h)(3). Moreover, pursuant to statute, a garnishment order generally remains in place unless the judgment creditor files a petition. *See id.* That is:

> If a court has issued a garnishment order to a third party and the garnishment order no longer applies to the third party due to a change in circumstances, the court may cancel the garnishment

order and issue a new garnishment order to an appropriate third party, if all of the following conditions are met:

> (1) The court has issued a garnishment order under subsection (a) or (b) with respect to a judgment debtor's income or profits in the hands of a third party.

> (2) The judgment constitutes a continuing lien under subsection (c).

> (3) Due to a change in circumstances, including a change of employment, the judgment debtor's income or profits are in the hands of a new third party not named in the garnishment order.

> (4) The judgment creditor files a petition:

>> (A) notifying the court of the matters described in subdivisions (1) through (3); and

>> (B) informing the court of the name, address, and other relevant information concerning the new third party holding the judgment debtor's income and profits.

A court may issue a new garnishment order under this subsection without holding a hearing.

I.C. § 34-55-8-7(h).

[15] Here, there is no dispute that the trial court entered the Garnishment Order under Indiana Code section 34-55-8-7, which clearly and unambiguously calls

for entry of a "*continuing* lien" on the judgment debtor's property. I.C. § 34-55-8-7(c) (emphasis added). Indeed, the Garnishment Order was titled Continuing Garnishment Order and stated that Employer "shall continue to deduct from the disposable earnings of [Vanhoose] *until such time as the Court issues an order releasing the Garnishment Order*." Appellant's App. Vol. II p. 45 (emphasis added). There is also no dispute that the trial court had personal jurisdiction over Employer, who received notice of the proceedings supplemental and service of the Garnishment Order. Furthermore, Indiana Code section 34-25-3-3 holds a garnishee defendant accountable to the judgment creditor for omitted remittances, specifying as follows: "From the day of the service of the summons, the garnishee is accountable to the [judgment creditor] in the action for the amount of money, property, or credits in the garnishee's possession or due and owing from the garnishee to the [judgment debtor]."

[16] Employer nonetheless maintains that "when the employment relationship ends, so too do[] the garnishment obligations—unless and until renewed by court action." Appellee's Br. p. 9. Employer's first contention is correct in that, if there is no employment relationship with the judgment debtor, there is nothing to garnish, i.e., the garnishee defendant is simply not in possession of the judgment debtor's property. However, Employer's second contention is incorrect—so long as the Garnishment Order stands, there is an ongoing obligation to comply with it. Indeed, pursuant to statute, a garnishment order functions as a "*continuing* lien" against the judgment debtor's property. I.C. § 34-55-8-7(c) (emphasis added). The statute does not contain self-terminating

language. Rather, it contemplates termination of garnishment obligations upon further action of the court, e.g., when the judgment debtor has a change in employers and the judgment creditor seeks a new garnishment order under the procedures set forth in subsection (h). *See* I.C. § 34-55-8-7(h). In this case, Employer could have sought relief from the Garnishment Order by informing the court of a change in employment and requesting that the Garnishment Order be terminated. However, absent further action, the Garnishment Order applied, imposing a duty to garnish Vanhoose's earnings.

[17] Employer argues that Indiana caselaw suggests a different approach, but the relied-upon caselaw is not germane. Employer directs us to *RAB Performance Recoveries, LLC v. Knight*, but that case involved a judgment creditor obtaining a new garnishment order against the judgment debtor's new employer—not the continuous obligations of the former employer. 174 N.E.3d 228, 230 (Ind. Ct. App. 2021). Employer also directs us to *Fisher Body v. Lincoln National Bank & Trust Company*, but that case involved a determination that severance pay does not fit within the statutory definition of disposable earnings, and therefore, is not subject to garnishment. 563 N.E.2d 149, 150–51 (Ind. Ct. App. 1990).

[18] All in all, because the Garnishment Order was a continuing lien, Employer remained obligated to garnish Vanhoose's earnings. This obligation persisted, irrespective of Employer's notice to Bank about the change in employment. For the foregoing reasons, we conclude that the trial court erred in declining to enter judgment against Employer for failing to garnish Vanhoose's earnings from February 2024 through October 2024. We therefore reverse and remand

with instructions to enter judgment in favor of Bank for the omitted remittances.

## II. Contempt

In addition to seeking a judgment against Employer for the missed remittances, Bank asked the court to find Employer in contempt of the Garnishment Order. "Civil contempt is failing to do something a court in a civil action has ordered to be done for the benefit of an opposing party." *Bartlemay v. Witt*, 892 N.E.2d 219, 227 (Ind. Ct. App. 2008). To hold a party in contempt for violating a court order, "the trial court must find that the party acted with willful disobedience." *Id.* at 228. When reviewing a trial court's contempt decision, we do not reweigh the evidence or judge the credibility of the witnesses. *E.g.*, *In re Guardianship of C.M.W.*, 755 N.E.2d 644, 649 (Ind. Ct. App. 2001). Rather, we view the evidence in a light most favorable to the trial court's decision. *E.g.*, *id.*

Here, Employer's Managing Member—Treash—mistakenly believed that Employer had fulfilled its obligations under the Garnishment Order, averring: "After I received th[e] email from the law firm acknowledging my notice that . . . Vanhoose no longer worked for [Employer], I understood that I complied with the [Garnishment Order] and the law firm's acknowledgment of my email relieved [Employer] of any further obligations." Appellant's App. Vol. II p. 62. In declining to find Employer in contempt, the trial court found Treash to be credible. Indeed, when the trial court subsequently denied Bank's motion to

correct error, the trial court explained: "Again, the Court does not find that [Employer] intentionally violated the Court's previous order." *Id.* at 15.

[21] In light of the evidence indicating that Employer did not willfully disobey the Garnishment Order, we conclude that the trial court did not abuse its decision in declining to find Employer in contempt of the Garnishment Order.

## Conclusion

[22] Because the Garnishment Order had continuing effect, we conclude that the trial court erred in declining to enter judgment against Employer for the missed remittances upon re-employment of Vanhoose. However, the trial court did not abuse its discretion in declining to find Employer in contempt for the missed remittances. Therefore, although we affirm the trial court's contempt decision, we reverse and remand with instructions to enter a monetary judgment against Employer for missed remittances from February 2024 through October 2024.

[23] Affirmed in part, reversed in part, and remanded with instructions.

Kenworthy, J. and Scheele, J., concur.

ATTORNEY FOR APPELLANT

Valerie L. Matheis
Nelson & Frankenberger
Carmel, Indiana

ATTORNEYS FOR APPELLEE, BROGUT INVESTMENTS, LLC

Jason R. Delk
Austin P. Sparks

Delk McNally LLP
Muncie, Indiana